462 P.2d 801

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable William E. Patterson, a Retired Judge thereof; and Real-Party in Interest, Sylvester Stanley SWITALSKI, Respondents.

No. 9738.

Supreme Court of Arizona.

In Banc.

Dec. 12, 1969.

Gary K. Nelson, Atty. Gen., by John L. Jones, Asst. Atty. Gen., Phoenix, for petitioner.

Phillip Weeks, Phoenix, for respondents.

HAYS, Justice.

This case comes before the Court on a petition for writ of certiorari to test the validity of a writ of mandamus issued by the Superior Court. Said peremptory writ directed the petitioner, David Campbell, as Superintendent of the Motor Vehicle Division, Arizona Highway Department, to return the operator's license of one Sylvester Switalski which had been surrendered upon order of the City Magistrate, City of Mesa. For the reasons set forth below, the order for the issuance of the peremptory writ of mandamus is affirmed.

On June 19, 1969, the respondent, Switalski, was convicted in Justice Court on a charge of driving while intoxicated in violation of A.R.S. § 28–692 as amended. Said conviction being the second within a period of 24 months, the magistrate, pursuant to A.R.S. § 28–692.01, subsec. B, required that the defendant surrender his driver's license. Switalski surrendered his license but immediately appealed the judgment and sentence to the Superior Court. After posting the requisite supersedeas bond, he requested that his license which had been forwarded to the petitioner be returned; this request was denied. Switalski then brought his action for mandamus against the Superintendent and petitioned the Superior Court for an order directing that his operator's license be returned forthwith.

Being cognizant of the petitioner's thwarted efforts for resolution of this same issue in Campbell v. Malik, 9 Ariz.App. 562, 454 P.2d 1002 (1969), we granted certiorari pursuant to § 12–2001, Arizona Revised Statutes and Rule 1(b), Rules of the Supreme Court, 17 A.R.S.

Distilled to its purest form, the question raised on certiorari is whether the Department of Motor Vehicles' statutory authorization to mandatorily revoke driver's licenses encompasses authority to revoke the privilege during the period when an appeal of a Justice Court conviction is pending before the Superior Court. A.R.S. § 28–692.01, subsec. B is a mandatory provision of our revised statutes which states that, upon a conviction for a second offense of drunk driving, committed within a 24 month period, the presiding judge, in addition to the other prescribed punishment, "shall re-

quire the surrender to him of any operator's or chauffeur's license of such convicted person and shall immediately forward to the department (of motor vehicles) the license with the abstract of conviction. The department upon receipt thereof shall revoke the driving privilege of such person."

The issue arises because the mandate of that section, apparent on its face, is seemingly contradictory to the terms of Chapter 4, Title 28 of the Revised Statutes. Article 3 thereunder, is the legislation which delegates to the Department of Motor Vehicles authority for the revocation, suspension or cancellation of an operator's or chauffeur's license.

Section 28–444 is set forth as follows:

"When court to forward license to department and report convictions

A. When a person is convicted of an offense for which this chapter makes mandatory the revocation of the operator's or chauffeur's license of the person by the department, the court in which the conviction is had shall require the surrender to it of all operator's and chauffeur's licenses then held by the person so convicted and the court shall thereupon forward the same together with a record of the conviction to the department.

B. Every court having jurisdiction over offenses committed under this chapter, or any other law of this state or municipal ordinance regulating the operation of motor vehicles on highways, shall forward to the department a record of the conviction of a person in the court for a violation of any laws other than regulations governing standing or parking, and may recommend the suspension of the operator's or chauffeur's license of the person so convicted.

C. For the purposes of this chapter the word 'conviction' means a final conviction. Also, for the purposes of this chapter a forfeiture of bail or collateral

deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

Also note § 28–445 as amended:

"Mandatory revocation of license by department

The department shall, in addition to the grounds for mandatory revocation provided for in the uniform act regulating traffic on highways, forthwith revoke the license of an operator or chauffeur upon receiving a record of the operator's or chauffeur's conviction of any of the following offenses, *when the conviction has become final:*"

\* \* \* \* \* \*

"7. Conviction, or forfeiture of bail not vacated, upon a second or subsequent charge of driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor, committed within a period of twenty-four months." [1] (Emphasis added.)

In view of the amendment to § 28–445 which added subsection 7 thereto, we are compelled to hold that the provision of § 28–692.01, subsec. B dealing with license revocations and § 28–445 must be read together and that the terms of § 28–444 with reference to the meaning of the word "conviction" applies with equal weight to the revocation provision of § 28–692.01, subsec. B.

Section 28–444, subsec. C by its express language defines conviction to mean, "final conviction." The legislature failed to provide a definition for this statutory term of art; i. e. final conviction. It is our duty to give meaning to those words.

The petitioner herein argues that "final" within the statute means simply a verdict of guilty and a sentence thereon. In other words, an appealable conviction in a court of first jurisdiction. The respondents argue that, "final conviction" as opposed to

---

1. It is important to note that subsection 7 of § 28–445 was added as an amendment to the section as part of the same enactment which added section 28–692.01 to the statutes and they became effective together on March 30, 1959.

"conviction" must mean, after all appeals have been prosecuted or waived.

■ If the words of the statute are to have any meaning at all, the argument is persuasive that "final conviction" must have some meaning more artful than that otherwise given to the term "conviction" standing alone. While statutes should be construed as a whole with the purpose of the statute not being frustrated by a literal application of its terms (State ex rel. Church v. Arizona Corp. Comm., 94 Ariz. 107, 382 P.2d 222 (1963)), we must be guided by the presumption that the legislature did not intend to do a futile act by including a provision which is not operative or that is inert and trivial. City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P. 2d 410 (1964); State v. Edwards, 103 Ariz. 487, 446 P.2d 1 (1968).

■ We hold that the legislative intent is, that a "final conviction," as that term is used in §§ 28–444 and 28–445 and by necessary reference in § 28–692.01, subsec. B, is a judgment of conviction from which an operator has exhausted his right to appeal. Note Allen v. Texas Department of Public Safety, Tex.Civ.App., 411 S.W.2d 644 (1966). The cases of State v. Berres, 270 Wis. 103, 70 N.W.2d 197 (1955) and People v. Reiner, 6 Ill.2d 337, 129 N.E.2d 159 (1955) cited by the petitioner, are found by us to be distinguishable and not persuasive.

In order that the courts of this state may be guided by the construction which we today give to this legislation, it will be necessary to briefly expand on our interpretation of these statutes, particularly § 28–692.01, subsec. B.

■ We find that § 28–692.01, subsec. B is mandatory in its direction that the presiding judge or magistrate require the surrender to him of any operator's or chauffeur's license of such convicted person. It is the command of that statute that the surrender shall be mandatorily made at the time of the initial sentencing. However, we also rule that upon the taking

of an appeal, timely prosecuted within the period provided by statute, the operator's or chauffeur's license is to be returned to the defendant by the court. We hold that the direction of the statute that the court "shall immediately forward to the department the license with the abstract of conviction," means *immediately* after the period of appeal has passed, if unexercised.

The order granting the peremptory writ of mandamus is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.