GARDEN, JUDGE:
*This claim was submitted for decision on the basis of the pleadings, two exhibits introduced by the claimant and nine exhibits introduced jointly by the claimant and respondent. From the pleadings and the exhibits it would appear that the controlling facts are as follows:
On July 1, 1971 the Alcohol Beverage Control Commissioner issued a Class C license to 314 Club, Incorporated, 314 Bridge Street, Guyandotte, Cabell County for the fiscal year commencing July 1, 1971. This license was issued pursuant to Code 60-7-40 and as required by said section, 314 Club, Incorporated furnished a bond *127 in the penal amount of $2,500.00 conditioned on the payment of all fees and on the faithful performance of and compliance with the provisions of Chapter 60, Article 7. The bond was dated July 1, 1971 and was executed on behalf of 314 Club, Incorporated by David Poston, as principal, and by the claimant, as corporate surety (Joint Exhibit 9).
While it is not clear from the exhibits, it would appear that on either January 22, 1972 or January 25, 1972, Sgt. Don Norris of the Huntington Police Department arrested David Poston for permitting a gaming table (a blackjack table) to be kept on his premises at the 314 Club in violation of Code 61-10-6. David Poston was taken before Justice of the Peace James S. McNeill where an appearance bond was posted. Thereafter on January 27, 1972 he appeared and entered a plea of guilty to the charge and was fined $50.00 and costs (claimant’s Exhibit 2).
The transcript of the docket further reflects that on March 28, 1972 James E. Chambers, Attorney at Law, appeared and moved to set aside the guilty plea and to enter a plea of nolo contendré on the ground that the said David Poston was not fully informed as to the consequences of his plea of guilty. The transcript reflects that the motion was taken under advisement and further that on May 19, 1972 on Court Order from Judge Conaty, Judge of the Common Pleas Court of Cabell County, West Virginia, a new trial was held at which the said David Poston was found not guilty. While there was filed as part of Joint Exhibit 6 an unsigned copy of a petition praying for the issuance of a writ of mandamus from the Common Pleas Court of Cabell County, counsel for the claimant advised this Court that he could find no evidence in the Clerk’s office of the Common Pleas Court that such a proceeding had actually been instituted.
On February 4, 1972 the Alcohol Beverage Control Commissioner, as required by Code 60-7-13, revoked the Private Club Liquor License issued to 314 Club, Incorporated (Joint Exhibit 2). Code 60-7-13 provides in part:
“.. . Upon final conviction of a licensee, or any employee thereof acting within the scope of his employment, of any violation of any municipal ordinance or statute of the State of West Virginia relating to the regulation and control of alcoholic *128 liquors, gambling, prostitution, or the sale, possession or distribution of narcotics or dangerous drugs, before any justice of the peace, municipal court or court of record, the commissioner shall forthwith revoke the licensee’s license ..
The Commissioner, also as required by law, wrote to claimant under date of February 4, 1972 (Joint Exhibit 2) and advised the claimant of the revocation, declared a forfeiture of the bond and requested payment of the face amount of the bond. This action was taken pursuant to Code 60-7-14 which reads as follows:
“On conviction of a violation of any provision of this article or upon the revocation of a license in accordance with section thirteen [§60-7-13] of this article, which conviction or revocation has become final, the licensee or former licensee, as the case may be, shall forfeit his bond required by section four [§60-7-4] of this article. The penal sum of said bond shall forthwith be paid to the State treasurer to be credited to the general revenue fund of this State. Such sum may be collected by an actoin at law or other appropriate remedy.”
After an interchange of correspondence the claimant by check dated May 8, 1972 paid the face amount of the bond to the State of West Virginia, (Joint Exhibit 1). Claimant is now seeking a return or repayment of the $3,500.00, and in its Notice of Claim and Complaint alleges that the Commissioner wrongfully, unlawfully and without reason forfeited the bond of 314 Club, Incorporated on February 4, 1972. Claimant contends that the plea of guilty entered by its principal, David Poston, on January 27, 1972, did not constitute a “final conviction” within the meaning of Code 60-7-13 in view of the later finding of not guilty on May 19, 1972.
While we have been unable to find a decision from our Supreme Court of Appeals precisely defining the term “final conviction”, we are of the opinion that a conviction becomes final when a defendant has exhausted all of his appellate remedies. Support for this conclusion can be found in the following decisions from other jurisdictions:
“ ‘Final conviction’, as used in statutes dealing with revocation of driver’s license following second conviction on charge of drunk driving within 24-month period, is judgment of conviction *129 from which a motorist has exhausted his right to appeal.” Campbell v. Superior Court In and For Maricopa County, 462 P2d 801, 804, 105 Ariz. 252.
“Term ‘final conviction’, when used in relation to doctrine of retrospective application of a judicial ruling, means a conviction in which the accused has exhausted all his appellate remedies or as to which the time for appeal as of right has expired.” State v. Lynn, 214 N.E.2d 226, 229.5 Ohio St2d 108.
“Under statute directing that license of operator, commercial operator or chauffeur, shall be automatically suspended for certain period of time upon final conviction under statute prohibiting driving motor vehicle while intoxicated, ‘final conviction’ is judgment of conviction from which motorist has exhausted right to appeal.” Allen v. Texas Dept. of Public Safety, Tex. Civ. App., 411 S.W.2d 644, 646.
“Issue of whether a new rule should be applied retroactively arises only when a conviction has become final, and ‘final conviction’ means a conviction in which the accused has exhausted all his appellate remedies.” State v. Evans, 291 N.E.2d 466, 469, 32 Ohio St.2d 185.
No formal appeal was perfected from the guilty plea entered on January 27, 1972, and ordinarily in West Virginia an appeal does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty. Nicely v. Butcher, 81 W.Va. 247, 94 S.E. 147 (1917). Nicely did hold, however, that if a plea of guilty is entered by a defendant and that it later appears that the plea was not entered freely and voluntarily and that the defendant did not fully understand the nature and effect of the plea, that an appeal will be allowed if perfected within a reasonable time. No appeal was perfected within a reasonable time in the instant case.
Consequently, we are of opinion that when the claimant’s principal, David Poston, entered his plea of guilty on January 27, 1972 before Justice of the Peace James S. McNeill, and there being no attempt to perfect an appeal within a reasonable time thereafter, that a final conviction resulted and justified the bond forfeiture.
For the foregoing reasons the claim is denied.
No award.

See also Maryland Casualty Company vs. Alcohol Beverage Control Comm'n., Claim No. D-656, 10 Ct. Cl. 186 wherein this decision is reversed on rehearing