11 P.3d 1045

**STATE of Arizona, Appellee,**

v.

**Jose Alfredo SAMANO, Appellant.**

**No. 1 CA–CR 99–0394.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 17, 2000.

Janet A. Napolitano, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Joseph T. Maziarz, Assistant Attorney General, Phoenix, for Appellee.

Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

BERCH, Judge.

¶1 Jose Alfredo Samano ("Defendant") was convicted of burglary, armed robbery, theft, and two counts of kidnapping. One of the kidnapping counts was designated a dangerous crime against a child. Defendant appeals his sentence on this count, contending that the trial court erred in applying the sentence enhancement for dangerous crimes against children because he did not prey upon or "target" the child; the child was only incidentally present with his mother during the commission of the burglary, robbery, and theft offenses that constituted the focus of the crime. Because we conclude that the kidnapping statute already contains an enhancement based on the child's young age and the trial court made no separate finding

to support a second enhancement, we vacate the Defendant's sentence on this count and remand for resentencing.

¶ 2 The material facts are undisputed. On December 16, 1997, Florencia Blancas returned home from grocery shopping with her two-year-old son, Javier. She carried Javier and a plant into her apartment and left the door open, intending to return to her truck to carry in the groceries. Defendant and an accomplice, each brandishing a gun, entered the apartment behind her and closed the door.

¶ 3 The men told Florencia to "shut up" and "sit down," and later told her to hold little Javier, who had been wandering about the apartment. For this act, Defendant was charged with kidnapping, a dangerous crime against a child. The men took several items from the apartment, then left, taking Florencia's truck, which, Defendant testified, they intended to hold until Florencia's boyfriend repaid money allegedly owed to Defendant's accomplice.

¶ 4 Defendant was convicted after a jury trial, and the trial court sentenced him to concurrent terms of ten and one-half years on all counts, except for Count II, the kidnapping count stemming from the restraint of Javier. On that count, the court applied the dangerous crimes against children sentencing enhancement and therefore imposed the presumptive term of seventeen years, which it ordered to be served consecutively to the other sentences. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 13–604.01(D), (K) (Supp. 1999–2000)[1] (requiring seventeen-year presumptive sentence); A.R.S. § 13–1304(B) (1989) (requiring consecutive sentence). Defendant timely appealed.

¶ 5 On appeal, Defendant does not challenge his conviction for kidnapping Javier. He contends only that the "kidnapping" of Javier was purely incidental to the burglary and robbery and was not based on or related to Javier's status as a child. Citing *State v. Williams,* 175 Ariz. 98, 854 P.2d 131 (1993), and *State v. Jansing,* 186 Ariz. 63, 918 P.2d 1081 (App.1996), Defendant contends that, because he is not a "predator" who poses "a

direct and continuing threat to the children of Arizona," section 13–604.01, the dangerous crimes against children sentencing enhancement, does not apply to him.

¶ 6 Defendant challenges the trial court's interpretation of a statute, an issue we review *de novo. State v. Jensen,* 193 Ariz. 105, 107, ¶ 16, 970 P.2d 937, 939 (App. 1998) (citing *U.S. Parking Sys. v. City of Phoenix,* 160 Ariz. 210, 211, 772 P.2d 33, 34 (App.1989)). While we must attempt to discern and effectuate the legislature's intent, *State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992), we look to "[t]he language of [the] statute [as] the most reliable evidence of its intent." *Walker v. City of Scottsdale,* 163 Ariz. 206, 209, 786 P.2d 1057, 1060 (App.1989). If the language of the statute is plain and unambiguous, we give the words their ordinary meaning, without resorting to other forms of statutory interpretation. *State ex rel. Udall v. Super. Ct.,* 183 Ariz. 462, 464, 904 P.2d 1286, 1288 (App. 1995); *Reynolds,* 170 Ariz. at 234, 823 P.2d at 682; A.R.S. § 1–213 (1994).

¶ 7 The statute at issue defines dangerous crimes against children as any of several listed crimes, including kidnapping, if "committed against a minor under fifteen years of age." A.R.S. § 13–604.01(L)(1)(i) (Supp. 1999–2000) (formerly A.R.S. § 13–604.01(J)(1)(i) (1996–1997)). The statute contains no prerequisite to its application that one be a "predator" or pose a continuing threat to the children of Arizona.

¶ 8 Although the language of the statute appears clear, our supreme court has determined that the "language is not so plain that it admits of no other interpretation." *Williams,* 175 Ariz. at 102, 854 P.2d at 135. In *Williams,* the defendant was convicted of aggravated assault of a person under the age of fifteen because he drove his truck while intoxicated and hit a station wagon, injuring a fourteen-year-old passenger in the car. *Id.* at 99, 854 P.2d at 132. Despite the fact that the statute included aggravated assault as a qualifying offense, the supreme court held that the defendant's sentence should not have been enhanced pursuant to A.R.S. sec-

1. Formerly A.R.S. § 13–604.01(B), (I) (Supp. 1996–1997).

tion 13–604.01 because the State had presented "no evidence that [defendant's] behavior was directed at or focused upon the victim, or that he was even aware of the minor's presence in the station wagon." *Williams,* 175 Ariz. at 104, 854 P.2d at 137. After reviewing the legislative history of the dangerous crimes provision and analyzing its spirit and purpose, the court construed the language "committed against a minor" as conduct a defendant "aims at, targets or focuses on a victim under the age of fifteen." *Id.* at 102, 854 P.2d at 135. It concluded that the legislature was "attempting to respond effectively to those predators who pose a direct and continuing threat to the children of Arizona." *Id.* It found the enhancement's purpose to be to punish predators severely, to incarcerate them for long terms so that they do not pose a threat to children, and to require them to give notice of the conviction when applying for certain types of employments. *See id.* at 100, 102–03, 854 P.2d at 133, 135–36.

¶9 In concluding that the dangerous crimes against children enhancement did not apply to the aggravated assault at issue in *Williams,* the court focused on two factors: that the defendant did not select the injured child to be a victim and that the aggravated assault statute itself contains a provision increasing the felony classification, and therefore the presumptive sentence, if the victim is younger than fifteen years of age.[2] The court explained that if "an enumerated offense can be committed by unfocused actions," then the defendant has not targeted any person, including the minor, and therefore the offense cannot be a crime "committed *against* a minor" within the meaning of A.R.S. section 13–604.01. *Williams,* 175 Ariz. at 104, 854 P.2d at 137.

■ ¶10 *Jansing* involved a similar drunk driving accident, the only difference being that the defendant in *Jansing* injured a child in her own vehicle rather than one riding in another vehicle. 186 Ariz. at 65, 918 P.2d at 1084. This Court rejected the State's argument that the defendant's mere awareness of the child's presence in the vehicle allowed a conclusion that the aggravated assault was

"directed against or aimed at" the child. *Id.* at 70, 918 P.2d at 1088. Rather, as in *Williams,* the defendant's actions were "reckless and unfocused," creating a "risk to everyone around [her]." *Id.* Thus, *Williams* and *Jansing* hold that if a defendant's conduct is not "focused on, directed against, aimed at, or target[ed at]" any specific victim, it cannot be a crime *against* a minor within the meaning of A.R.S. section 13–604.01. *Williams,* 175 Ariz. at 103, 854 P.2d at 136; *Jansing,* 186 Ariz. at 70, 918 P.2d at 1088.

■ ¶11 The question before us is more difficult because the crime at issue—kidnapping—requires an intent to restrain a particular individual, an act that would seem necessarily to focus on or be aimed at its intended victim. *See* A.R.S. § 13–1304 ("A person commits kidnapping by knowingly restraining another person" for various enumerated purposes.). But Defendant asserts that he told Florencia to restrain Javier not because Javier was a child, but only because he happened to be present in and wandering about the apartment. He claims that he did not "target" the child or commit a crime *against* the "child as a child or in the capacity of a child." *See Williams,* 175 Ariz. at 101, 854 P.2d at 134. Defendant therefore maintains that he is not the type of predator the legislature intended to deter and punish by the dangerous crimes against children enhancement.

¶12 The State, on the other hand, contends that Defendant was properly convicted of kidnapping because either he or his co-defendant told the mother to pick Javier up, thereby specifically targeting the child. By knowingly having the mother restrain her child, the State contends and the Dissent agrees, Defendant directed or targeted his conduct at the child in a way that merits a dramatically enhanced sentence.

¶13 The State and the Dissent rely upon *dictum* from *Williams* to support their position. In discussing the requirement that a defendant target or focus on a child victim, the court observed in passing that "[i]t is impossible to imagine how ... kidnapping

---

**2.** See discussion of statutory enhancement, *infra* ¶¶ 14–16.

... could be committed without targeting persons." *Id.* at 104, 854 P.2d at 137; Dissent, ¶ 29. This appears to be one such case. The defendants intended a burglary or armed robbery. The age of anyone present, or even if anyone at all was present, was incidental to them. Thus, this case provides an example of a situation in which "[o]ne could commit an intentional crime and still not target a child as the victim." *Id.* at 101, 854 P.2d at 134.[3]

¶ 14 In analyzing whether the dangerous crimes against children provision should apply to enhance the aggravated assault charge in *Williams,* the court found important that the underlying aggravated assault statute already contained a provision that enhanced the sentence for the assault if the victim were younger than fifteen. *Id.* at 100–01, 854 P.2d at 133–34. It noted that if nothing more were meant by including the reference to children under fifteen in both statutes, then the language of the assault statute increasing the offense from a class 3 to a class 2 felony would be rendered meaningless, because "when § 13–604.01 applies, the degree of the felony is irrelevant": "the penalties prescribed by § 13–604.01 replace the usual sentencing scheme based upon the degree of the felony." *Id.* at 102, 854 P.2d at 135. In order to "enhance[ ] the crime a second time whenever the victim is under fifteen," the court concluded, "something more than the age of the victim is required by § 13–604.01." *Id.* at 101–02, 854 P.2d at 134–35.

¶ 15 A similar situation arises from the statutes now before us. Like the assault statute, the kidnapping statute contains a provision that increases the sentence "[i]f the victim is under fifteen years of age." A.R.S. § 13–1304(B).[4] In such a case, the kidnapping is a class 2 felony, on which the presumptive ten and one-half year sentence must be consecutive to any other sentence imposed.[5] *See* A.R.S. § 13–604(I) (Supp. 1999–2000). Section 13–604.01(D), on the other hand, requires a presumptive sentence of seventeen years. To justify the difference, something more than the mere age of the victim must have been contemplated by the legislature.

¶ 16 That "something more" has been clearly identified: "The legislative history indicates quite clearly that the enactment of § 13–604.01 was calculated to reach criminals who prey specifically on children." *Williams,* 175 Ariz. at 102, 854 P.2d at 135. The legislature was concerned about the high recidivism rates of those who sexually exploit children or commit other crimes such as kidnapping and assault that might facilitate the exploitation of children. *Id.* The essence of Defendant's offense, however, was not any form of sexual or drug-related exploitation of a minor, but rather a theft and robbery directed at the child's mother's boyfriend. Although very serious crimes, they are not the high-recidivism offenses about which the legislature was concerned when it enacted section 13–604.01. *See id.*

¶ 17 We find further support from this Court's opinion in *State v. Carlisle,* 198 Ariz. 203, 8 P.3d 391, 329 Ariz.Adv.Rep. 5 (App. 2000). In determining that the dangerous crimes enhancement applied to a defendant who solicited sex over the Internet from a person whom he believed to be fourteen years old, and again solicited sex acts when

---

**3.** The Dissent maintains that the Majority focuses on whether the crime that is alleged to be the dangerous crime against a child was "incidental" to another crime and quotes the last three sentences of this paragraph as the "holding" of the case. Dissent, ¶ 22 and n. 8. That the kidnapping was incidental to the robbery was the Defendant's claim. *See supra* ¶¶ 1, 5. Our analysis turns instead upon whether a defendant preys upon or targets a child for the commission of a crime at least in part because the child is a child. *See infra* ¶ 19. We find that element lacking here.

**4.** Both statutes make the felony "a class 2 felony punishable pursuant to A.R.S. § 13–604.01."

A.R.S. §§ 13–1204(B) (Supp.1999–2000) (aggravated assault), –1304(B) (kidnapping). The phrase is confusing because, as the supreme court observed in *Williams,* the class of the felony is irrelevant for purposes of sentencing pursuant to A.R.S. section 13–604.01. *See supra* ¶ 14 (quoting *Williams*). Regardless of the class of felony, both aggravated assault and kidnapping carry a seventeen-year presumptive sentence if found to be dangerous crimes against children. A.R.S. § 13–604.01(D).

**5.** The sentence was aggravated because the State alleged and the jury found the use or exhibition of a weapon.

he met an adult actor who portrayed the fourteen-year-old, the Court focused upon the fact that the defendant "intentionally took steps to lure his intended victim into prohibited sexual conduct. In other words, [defendant] specifically targeted a victim he believed to be under the age of fifteen and then attempted a crime." *Id.* at ¶ 18. It found such luring, targeting conduct to be "precisely the type of conduct that the legislature addressed in A.R.S. section 13–604.01." *Id.* (citing *Williams,* 175 Ariz. at 102, 854 P.2d at 135, for the proposition that "[t]he legislative history indicates quite clearly that the enactment of § 13–604.01 was calculated to reach criminals who prey specifically upon children."); *cf. State v. DePiano,* 187 Ariz. 27, 31–32, 39, 926 P.2d 494, 498–99, 506 (1996) (reducing consecutive seventeen-year sentences of depressed mother whose attempted suicide-infanticide did not evidence an "evil," "wicked" intent to harm children, but rather evidenced crime directed against herself; noting that sentence did not serve legislative purpose of "respond[ing] effectively to those predators who pose a direct and continuing threat to the children of Arizona") (citing *Williams,* 175 Ariz. at 102, 854 P.2d at 135). We agree with this reasoning and conclude that the element of preying on a child is conspicuously absent here as well.

■ ¶ 18 Our dissenting colleague claims that the Majority's holding "vitiates the clear language of section 13–604.01(L)." Dissent, ¶ 25. Our supreme court has found, though, that while the statutory language is clear, its *meaning* is not. *Williams,* 175 Ariz. at 102–03, 854 P.2d at 135–36. The Dissent would apply the more stringent of two sentence enhancements to the kidnapping in this case, and presumably to every kidnapping of a child younger than fifteen, without attempting to distinguish when the legislature might have intended one rather than the other to apply. Nothing in the Dissent tells us when, if ever, to apply the more serious enhancement of section 13–604.01. If the more seri-

ous seventeen-year enhancement applies all the time, as the Dissent suggests, then the lesser, consecutive sentence enhancement must be surplusage. But we are constrained to interpret statutes so that statutory provisions are not rendered superfluous. *See State v. Johnson,* 171 Ariz. 39, 42, 827 P.2d 1134, 1137 (App.1992) (quoting *State v. Arthur,* 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980)). Our supreme court has suggested a meaningful way to determine when the greater enhancement of section 13–604.01 should apply: The dangerous crimes enhancement applies when a defendant preys upon or focuses on or targets a child as a child. *Williams,* 175 Ariz. at 103, 854 P.2d at 136. We do not find that additional element present in this case.[6]

¶ 19 Because the legislature has "elsewhere created severe penalties based solely on the age of the victim," the "spirit and purpose of § 13–604.01 are not well served by applying it to people like [Defendant] who do not prey upon helpless children." *Id.* at 103, 854 P.2d at 136. Moreover, we conclude that applying the statute in this case would not further the legislature's intent that the statute should apply only to "criminals who prey specifically on children," who are "peculiarly dangerous to children," or who "pose a direct and continuing threat to the children of Arizona." *See id.* at 102–03, 854 P.2d at 135–36.

■ ¶ 20 The trial judge must state on the record factual findings and reasons that support the imposition of an enhanced sentence. *See State v. Harrison,* 195 Ariz. 1, 3–4, ¶¶ 10–11, 5, ¶ 16, 985 P.2d 486, 489, 490 (App. 1999) (requiring articulation of aggravating factors); *cf. State v. Quinonez,* 194 Ariz. 18, 20, ¶ 12, 976 P.2d 267, 269 (App.1999) (regarding enhancement for historical prior felony convictions). Because the trial court did not do so here, we vacate that portion of the sentence imposing the dangerous crimes against children enhancement and remand

---

6. The Dissent posits that the differentiating factor might be found in the fact that "Defendant could have decided to forego his planned robbery once he knew of Javier's presence in the apartment." Dissent, ¶ 29. In *Jansing,* 186 Ariz. at 70, 918 P.2d at 1088, however, this

Court rejected the argument that a defendant's mere awareness and conscious disregard of a child's presence would subject the defendant to the dangerous crimes against children enhancement.

for resentencing to allow the trial judge to consider, in light of the proper legal standard, whether to impose the enhancement.

CONCURRING: RUDOLPH J. GERBER, Judge.

TIMMER, Judge, dissenting.

¶ 21 I respectfully dissent from the Majority's decision because I believe it stretches the holding in *Williams* too far, resulting in interpretations of A.R.S. sections 13–604.01 and 13–1304 that are contrary to legislative intent.

¶ 22 As the Majority notes, in order to commit a dangerous crime against children under section 13–604.01, a defendant's conduct "must be focused on, directed against, aimed at, or target[ed] [against] a victim under the age of fifteen." *Williams,* 175 Ariz. at 103, 854 P.2d at 136. The Majority goes astray, however, by deciding that commission of an offense enumerated under section 13–604.01(L) against a child under the age of fifteen years is not a dangerous crime against children if it is "incidental" to the ultimate goal of the Defendant. Consequently, the Majority concludes:

> [t]he defendants intended a burglary or armed robbery. The age of anyone present, or even if anyone at all was present, was incidental to them. Thus, this case provides an example of a situation in which "[o]ne could commit an intentional crime and still not target a child as the victim."

Majority opinion ("Maj.op."), *supra,* ¶ 13 (citation omitted). This holding is unsupported by either *Williams* or the legislative intent underlying section 13–604.01.

¶ 23 The *Williams* court, in an apparent effort to restrict future application of its holding, stated that "[t]he issue we resolve only arises in that rare case when, as here, *an enumerated offense* can be committed by unfocused actions, whether intentional, knowing or reckless in nature." *Id.* at 104, 854 P .2d at 137 (emphasis added). This language makes clear that courts must determine whether an "enumerated offense," rather than the ultimate crime, was "focused on, directed against, aimed at, or target[ed]" against a child. *Id.* at 103–04, 854 P.2d at 136–37. The Majority errs by scrutinizing Defendant's ultimate crime, burglary or armed robbery, to determine if Javier was a "target" rather than by examining Defendant's actions underlying the enumerated offense of kidnapping. Analysis under the latter standard compels the conclusion that Defendant committed a dangerous crime against children.

¶ 24 As the Majority acknowledges, Defendant's kidnapping conviction required the jury to find that he knowingly restrained Javier. A.R.S. § 13–1304. Therefore, Defendant's act of restraint was not "reckless and unfocused," creating a " 'risk to everyone around' " him, as in *Williams* and *Jansing.*[7] *Jansing,* 186 Ariz. at 70, 918 P.2d at 1088 (quoting *Williams,* 175 Ariz. at 101, 854 P.2d at 133). Rather, when Javier was restrained, within the meaning of our kidnapping statute, he was the *only* one at risk and was therefore a "target" of the offense, justifying imposition of a sentence pursuant to section 13–604.01.[8]

¶ 25 The Majority's holding also vitiates the clear language of section 13–604.01(L).

---

7. Moreover, as the Majority suggests, Javier and his mother were not randomly selected victims of crime. Defendant specifically targeted their apartment in order to steal from the mother's boyfriend, who Defendant believed wrongly took money from his accomplice's cousin. The evidence also allowed the jury to conclude that although Defendant saw Javier and his mother enter the apartment before him, Defendant elected to commit the offense. Therefore, unlike the "fortuitous" victims in *Williams* and *Jansing,* Javier was intentionally targeted by Defendant.

8. The Majority's focus on whether the enumerated crime was committed "incidentally" to the ultimate criminal objective leads to senseless re-

sults. For example, had Defendant inflicted serious physical injury on Javier in aid of the robbery, under the Majority's reasoning, Defendant would not have committed a dangerous crime against children. In light of the legislature's clear intent to protect children, conditioning designation of an offense as a dangerous crime against children upon the ultimate criminal objective of a defendant, rather than his actions, is wrong. *State v. Medrano–Barraza,* 190 Ariz. 472, 474, 949 P.2d 561, 563 (App.1997) ("We presume the framers of the statute did not intend an absurd result and our construction must avoid such a consequence.").

*Williams,* 175 Ariz. at 100, 854 P.2d at 133 (A statute's language is the best and most reliable guide of its meaning.). The legislature designated kidnapping, when committed against a minor under the age of fifteen years, as a dangerous crime against children. "Kidnapping" is defined, in relevant part, as occurring when a person knowingly restrains another person with the intent to "otherwise aid in the commission of a felony." A.R.S. § 13–1304(A)(3). The legislature was presumptively aware of this definition of kidnapping at the time it enacted A.R.S. section 13–604.01 and thus necessarily intended such offenses to be dangerous crimes against children. *Wareing v. Falk,* 182 Ariz. 495, 500, 897 P.2d 1381, 1386 (App.1995) ("[T]he legislature is presumed to know existing law when it enacts a statute."). This conclusion is more compelling here than in other cases as the legislature amended the kidnapping statute and enacted section 13–604.01 simultaneously and was therefore well aware of the breadth of kidnapping offenses enumerated as dangerous crimes against children. 1985 Ariz.Sess.Laws, ch. 346, §§ 4, 15 (amending §§ 13–604.01 and 13–1304, respectively). Thus, the legislature specifically included a kidnapping committed in aid of an armed robbery, and against a minor under fifteen years of age, within the definition of a dangerous crime against children. Phrased another way, such kidnappings are dangerous crimes against children even when committed "incidentally" to the perpetrator's ultimate felony objective.

¶ 26 By contrast, the legislature designated only certain types of aggravated assaults committed against minors under fifteen years of age as dangerous crimes against children. A.R.S. § 13–604.01(L)(1)(b). The legislature's failure to similarly except kidnappings accomplished to aid the commission of other felonies further evidences an intent that such kidnappings are dangerous crimes against children. *State v. Averyt,* 179 Ariz. 123, 129, 876 P.2d 1158, 1164 (App.1994) (court cannot

interpret statute to insert words of limitation that legislature has expressly omitted).

¶ 27 The Majority further opines that "something more than the mere age of the victim" must be present in order to trigger sentencing enhancement under section 13–604.01(D) or the "enhancement" language contained in the kidnapping statute would be rendered superfluous. Maj. op., *supra,* ¶¶ 15, 18. I disagree because the kidnapping statute does not enhance the sentence if the victim is under fifteen years of age, and the cited language is therefore not superfluous. Kidnapping is a class 2 felony regardless of the age of the victim. A.R.S. § 13–1304(B). However, the statute lists two circumstances that serve to change the designation of the offense to a class 3 or class 4 felony. *Id* . But the legislature excepted from these circumstances cases in which the victim is under fifteen years of age, stating that the offense remains a "class 2 felony punishable pursuant to § 13–604.01." A.R.S. § 13–1304(B). Unlike the aggravated assault statute at issue in *Williams,* which *increases* the felony designation if the victim was under fifteen years of age, the kidnapping statute merely *maintains* as a class 2 felony all kidnappings committed against children under the age of fifteen. Consequently, the kidnapping statute does not "enhance" the sentence for offenders who kidnap children under the age of fifteen, and designating such offenses as dangerous crimes against children does not render any language in section 13–1304(B) superfluous.

¶ 28 Even assuming that section 13–1304(B) "enhances" the sentence for perpetrators who kidnap children under the age of fifteen, the Majority's holding is undercut by reference to other offenses enumerated under section 13–604.01(L) involving sexual and physical acts committed against children. The statutes outlining these offenses use language similar to the kidnapping classification language at issue.[9] *State v. Thomason,* 162

---

9. *See, e.g.,* A.R.S. §§ 13–1404(B) (Supp.1999) (if the victim is under fifteen years of age, "sexual abuse . . . is a class 3 felony punishable pursuant to § 13–604.01"), 13–1405(B) (Supp.1999) ("Sexual conduct with a minor under fifteen years of age is a class 2 felony and is punishable

pursuant to § 13–604.01."), 13–1410 (Supp. 1999) (a person who molests a child under fifteen is guilty of "a class 2 felony that is punishable pursuant to § 13–604.01"), 13–3206 ("If the minor is under fifteen years of age, taking a child

Ariz. 363, 366, 783 P.2d 809, 812 (App.1989) ("A statute should be explained in conjunction with other statutes which relate to the same subject or have the same general purpose.") (citing *State ex rel. Larson v. Farley,* 106 Ariz. 119, 471 P.2d 731 (1970)); *see also Goulder v. Arizona Dep't of Transp., Motor Vehicle Div.,* 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993) (the goal is to achieve consistency between the statutes). For example, although taking a child for the purpose of prostitution is a class 4 felony, if the child is under the age of fifteen years, the offense is enhanced to "a class 2 felony and is punishable pursuant to § 13–604.01." A.R.S. § 13–3206 (Supp.1999). Under the Majority's reasoning, this offense, like kidnapping, would not constitute a dangerous crime against children if it was committed "incidentally" to an ultimate goal of the perpetrator. Such an interpretation should be avoided as it is clearly contrary to the legislative purpose of protecting children from such crimes, incidental or otherwise, by punishing offenders severely. A.R.S. § 1–211(B) (1995) ("Statutes shall be liberally construed to effect their objects and to promote justice."); *Campbell v. Super. Ct.,* 105 Ariz. 252, 255, 462 P.2d 801, 804 (1969) ("[S]tatutes should be construed as a whole with the purpose of the statute not being frustrated by a literal application of its terms.").

¶ 29 But what of *Williams?* Unlike the Majority, I believe that the *Williams* holding is confined to offenses enumerated in section 13–604.01(L), like some aggravated assaults, that are capable of being committed without a particular target, although the ultimate victim is a child under the age of fifteen years. As acknowledged by *Williams,* it is impossible to imagine how the other enumerated offenses, including kidnapping, could be committed without targeting particular persons. *Id.* at 103, 854 P.2d at 135. The case before us is not the one to offer illumination. Defendant could have decided to forego his

planned robbery once he knew of Javier's presence in the apartment.[10] He did not do so, electing instead to kidnap Javier during the course of the robbery. By necessity, Defendant aimed his actions at Javier in order to achieve the kidnapping, A.R.S. § 13–1304(A), thereby committing a dangerous act against children. A.R.S. § 13–604.01(L)(1)(i).

¶ 30 Finally, I disagree with the Majority's conclusion that applying section 13–604.01 in this case "would not further the legislature's intent that the statute should apply only to 'criminals who prey specifically on children,' who are 'peculiarly dangerous to children,' or who 'pose a direct and continuing threat to the children of Arizona.'" Maj. op., *supra,* ¶ 19. As pointed out by the *Williams* court, one focus of discussion before the House Judiciary Committee before passage of the Dangerous Crimes Against Children Act was the perceived recidivist nature of people who commit kidnapping of children under fifteen years of age. *Williams,* 175 Ariz. at 102, 854 P.2d at 135. Indeed, because children in this age group generally possess limited physical, mental, and emotional ability to hinder crime, kidnapers, like Defendant, may repeatedly choose to restrain children during the commission of other crimes such as armed robbery and burglary. The legislature intended to deter criminals from preying on such easy targets by including kidnapping, in all its forms, as a dangerous crime against children.

¶ 31 For all these reasons, I would affirm Defendant's sentence.

---

for prostitution is a class 2 felony and is punishable pursuant to § 13–604.01.").

**10.** Relying on *Jansing,* the Majority asserts that Defendant's "mere awareness" of Javier's presence in the apartment was insufficient to designate the kidnapping offense as a dangerous crime against children. Maj. op., *supra,* ¶ 18, n.

6. *Jansing,* however, is distinguishable as the drunk driver's reckless actions in that case were unfocused on any particular victim. *Jansing,* 186 Ariz. at 70, 918 P.2d at 1088. By contrast, Defendant was aware of Javier's presence, and his young age, before committing an intentional offense against a specific victim—Javier.