OPINION
LANKFORD, Judge.
¶ 1 This appeal returns to us on remand from the Supreme Court of Arizona. The supreme comí; remanded for us to reconsider our prior memorandum decision in light of its opinion in State v. Sepahi, 206 Ariz. 321, 78 P.3d 732 (2003). After further review, we vacate that part of our previous decision that addressed the issue on which the supreme court granted review and resolve the question by this opinion.[1]
¶ 2 As in Sepahi, this appeal involves the applicability of a statute that increases punishment for “dangerous crime[s] against children.” Ariz.Rev.Stat. (“A.R.S.”) § 13-604.01 (Supp.2004). Thus, the question is not defendant’s guilt, but whether the Arizona Legislature authorized additional punishment beyond that already authorized for aggravated assault.
¶ 3 This appeal differs from Sepahi in its facts and procedural posture, however. We are obliged to follow the decisions of our supreme court. State v. Anderson, 185 Ariz. 454, 916 P.2d 1170 (App.1994). Sepahi requires us to hold that the State may not invoke the special sentencing provisions of the statute: Defendant was not shown to have “focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen.” Sepahi 206 Ariz. at 322, ¶ 7, 78 P.3d at 733 (quoting Williams, 175 Ariz. at 103, 854 P.2d at 136).
¶ 4 Proof of this requirement was not contested in Sepahi. 206 Ariz. at 323, 324, ¶¶ 13, 19, 78 P.3d at 734, 735. Indeed, defense counsel conceded that the defendant’s conduct “was directed at and targeted the minor victim.” Id. at 324 n. 3, ¶ 19, 78 P.3d at 735 n. 3. That concession flowed from facts clearly showing that defendant’s conduct was aimed directly at the child victim. Defendant and his companion had approached an adult and the child victim. A verbal confrontation escalated when defendant struck the child, she responded by striking back, and defendant then used a firearm to shoot the victim at close range. Defendant was convicted of two counts of aggravated assault arising out of this conduct. Id. at 321-22, ¶ 4, 78 P.3d at 732-33. Thus, it was undisputed that the factual basis for a crime against a child was satisfied.[2]
¶5 This case also involves a shooting at which both a child and others were present. In this ease, however, it is disputed whether the offense was a crime “against” a child. Although defendant’s conduct placed a child at risk of injury, the others present were placed at equal risk by defendant’s conduct. *358 All persons who were present were victims of the reckless discharge of a firearm, and the risk was no greater to the child than to the others. Neither a judge nor jury specifically found that defendant had “targeted” the child, and defendant has not conceded that he did so.[3]
¶ 6 Defendant Castaneda, aged nineteen, was driving his ear in which a juvenile was a passenger. Castaneda pointed out a person nicknamed “Dice” on the street as Castaneda drove by. Castaneda told his passenger that Dice had been responsible for several drive-by shootings of Castaneda’s home and vehicle. Dice was standing near the victim A.G., who was thirteen years of age, and also next to another young person. Castaneda stopped the vehicle, leaned across both the front seat and the body of his passenger to discharge a firearm out of the passenger’s window several times in the direction of Dice and the others. The bullets struck Dice once and A.G. twice. Castaneda was convicted of aggravated assault against A.G. based on reckless conduct. He was also convicted of two other counts of aggravated assault and one count of drive-by shooting.
¶ 7 No finding was made that defendant targeted a child. The evidence fails to indicate that A.G. was targeted as a victim. The recklessness of Castaneda’s assault endangered all three persons present, not A.G. solely, individually, or particularly. A.G. was not exposed to danger in any different kind or greater degree than the other victims. Because defendant’s conduct was not focused on or aimed at A.G., the additional punishment provision does not apply.
¶ 8 The outcome would be different if the assault conviction involving A.G. had rested on an intentional shooting of A.G. In such a case, the defendant by definition targets the victim. See Sepahi, supra. See also State v. Carlisle, 198 Ariz. 203, 206-07, 1112, 8 P.3d 391, 394-95 (App.2000) (attempted sexual conduct with a minor). If a defendant intended to injure the victim, it would be clear that his conduct targeted that victim. If the victim were a child, the sentence for the crime would be subject to the special sentencing statute.
¶ 9 But even intentional conduct against one victim may constitute unfocused conduct as to another victim injured fortuitously. For example, a defendant can intend to shoot one victim but commit assault on another victim by recklessly firing the weapon in the second victim’s presence and striking him or placing him in fear of injury. See A.R.S. § 13-1203(A)(1), (2) (2001). See also Williams, 175 Ariz. at 101, 854 P.2d at 134 (a case of “transferred intent” would not target the child as a victim). Fortuitous injury to a child cannot be punished under the special sentencing provision. Sepahi, 206 Ariz. at 323, ¶ 11, 78 P.3d at 734 (quoting Williams, 175 Ariz. at 103, 854 P.2d at 136).
¶ 10 Although an intentional assault against A.G. would have qualified for special sentencing, intentional conduct is not invariably required. Our supreme court in Williams rejected any notion that the defendant must act intentionally. 175 Ariz. at 101, 854 P.2d at 134. “A child could be the target of a reckless crime. For example, a driver ... who harasses a well marked school bus and recklessly injures a child passenger can be said to have the focus sufficient to satisfy [the sentencing statute]. Such a reckless crime would be ‘against children’ because it manifests a conscious disregard of a risk to children ... as opposed to the general public.” Id. In contrast, a reckless driver who does not harass the bus but nevertheless collides with it would not act with the requisite focus. State v. Mirandor-Cabrera, 209 Ariz. 220, 225, ¶ 22, 99 P.3d 35, 40 (App.2004).
¶ 11 Reckless conduct does not always involve targeted victims, however. Reckless conduct can imperil more than one person, and indeed can place everyone present in danger of injury. Therefore, the fact that *359 one person was injured by such an assault does not necessarily mean that defendant’s conduct was directed against that victim. “[Ajggravated assault can be committed without targeting anyone. A child could be the unintended and unknown victim of someone’s generalized unfocused conduct. The victim could just as well be an adult.” Williams, 175 Ariz. at 101, 854 P.2d at 134. See also A.R.S. § 13-1203(A)(1) (assault can be committed by reckless conduct).
¶ 12 The issue therefore must be resolved by analysis beyond the culpable mental state required for the offense. See Williams, 175 Ariz. at 102, 854 P.2d at 135 (court must distinguish mental state and “committed against a minor” requirement of sentencing statute). To determine whether the assault involving A.G. qualifies for special sentencing, we must apply the rule, announced by our supreme court in Williams and expressly reaffirmed in Sepahi that “the defendant’s conduct must be focused on, directed against, aimed at, or target a victim under the age of fifteen.” Sepahi 206 Ariz. at 323, ¶ 12, 78 P.3d at 734 (quoting Williams, 175 Ariz. at 103, 854 P.2d at 136).[4]
¶ 13 Applying that test, we find no evidence that A.G. was targeted. Instead, all the evidence indicates that defendant intended to harm Dice. No evidence showed that defendant aimed at A.G. or intended to hurt A.G. Defendant aimed in the direction of Dice, and the two others happened to be standing next to Dice. The evidence shows no more than that the child victim was “fortuitously injure[d]” in the attempt to harm Dice. Id. at 323, ¶ 11, 78 P.3d at 734 (quoting Williams, 175 Ariz. at 103, 854 P.2d at 136).
¶ 14 This case is therefore much like Williams, in which the supreme court held that special sentencing did not apply. Williams was convicted of aggravated assault based on recklessness. While driving drunk, Williams rammed his truck into a passenger vehicle, injuring a child. But he did not target the child, who was merely a passenger in the vehicle. 175 Ariz. at 104, 854 P.2d at 137. Similarly, A.G. was merely present when defendant fired at Dice.
¶ 15 The State nevertheless argues that defendant’s conduct qualifies as a dangerous crime against children. It relies on two evi-dentiary facts to support its position: the proximity of the victims to the shooter, and the fact that the child victim was struck twice. From this evidence, the State argues that defendant “focused his criminal conduct directly” upon A.G.
¶ 16 The mere fact that defendant fired in Dice’s direction and that A.G. was standing nearby does not establish that he targeted this victim in particular. See Williams, 175 Ariz. at 104, 854 P.2d at 137. Nor does the fact that defendant struck A.G. allow special sentencing. His conviction for the aggravated assault of A.G. is fully consistent with a determination that he either discharged his weapon with reckless disregard of the safety of all present, or that he fired it with the intent to hit Dice but instead struck A.G. All of the evidence that related to the focus of defendant’s conduct suggested that the target was Dice; none of it hinted that A.G. was the focus of the shooting. Our supreme court has already decided that if a defendant intends to harm an adult but instead strikes a child, the defendant does not target a child victim. See Williams, 175 Ariz. at 101, 854 P.2d at 134 (person aiming at adult but striking child does not target child).
¶ 17 Our dissenting colleague argues that defendant is subject to special sentencing, reasoning that defendant consciously disregarded a specific risk of harm to a child, A.G., as opposed to the general public. Infra ¶ 32. Our supreme court has already stated in dictum that such conscious disregard “can be said to have the focus sufficient to satisfy” the sentencing statute. Williams, 175 Ariz. at 101, 854 P.2d at 134. The question, how *360 ever, is not whether some reckless conduct can target a child, but whether defendant’s conduct in this case did target A.G.
¶ 18 The State makes a related argument: It contends that the victim need not be individually targeted. It argues that the special sentencing provision applies because defendant fired “at” the group including A.G. In other words, the State contends that defendant’s firing “in the direction of’ a victim is enough.
¶ 19 In Sepahi, however, our supreme court indicated that such facts do not satisfy the legislative requirement of a “dangerous crime against children” under A.R.S. § 13-604.01. (Emphasis added.) The statute applies only if the “defendant’s conduct ... [was] focused on, directed against, aimed at, or targeted] a victim under the age of fifteen.” 206 Ariz. at 324, ¶ 19, 78 P.3d at 735 (quoting Williams, 175 Ariz. at 103, 854 P.2d at 136). Moreover, Sepahi expressly reaffirmed the court’s prior decision in Williams. In Williams, the defendant, a drunk driver, crashed his truck into a passenger vehicle, injuring a child. The court held that the statute did not apply because “the legislature did not intend to apply [the provision] to persons like Williams, who ‘fortuitously injure children by their unfocused conduct.’ ” Sepahi, 206 Ariz. at 323, ¶ 11, 78 P.3d at 734 (quoting Williams, 175 Ariz. at 103, 854 P.2d at 136). Like Williams, who collided with a vehicle containing both child victims and others, this defendant did not target a child by firing in the direction of a group that included a child.[5] The risk of harm to which the child victim was exposed was no greater than the risk to all persons present. It is simply not enough that a person under the age of fifteen was injured by criminal conduct because the Legislature has required that the crime be “against” the child. See Williams, 175 Ariz. at 101, 854 P.2d at 134.
¶ 20 The State therefore did not establish that the special sentencing statute applied. “[I]n order to prove that a defendant has committed a dangerous crime against a child, the State must prove that the defendant committed one of the statutorily enumerated crimes and that his conduct was focused on, directed against, aimed at, or targeted] a victim under the age of fifteen.” Sepahi, 206 Ariz. at 324, ¶ 19, 78 P.3d at 735 (quoting Williams).
¶ 21 Our dissenting colleague errs by asserting that special sentencing applies merely because A.G. was present and at risk of being harmed by defendant’s conduct. A person who directs reckless conduct toward a group of children can be punished under the statute, because the conduct sufficiently targets children. See Williams, 175 Ariz. at 101, 854 P.2d at 134 (school bus hypothetical). In contrast, if a child is only one among several persons present, more is needed to satisfy the statute than showing that the defendant subjected the child to some risk of harm and that the child was injured. See id. For example, a defendant who fires a weapon into the air at a crowded gathering does not commit an offense “against” a child even though a child is injured. Nor would a defendant commit the offense by firing on a busy street, striking a child down the block when the bullet ricochets off a building. No principled difference exists between those situations and this case. In all of these cases, “[t]he victim could just as well be an adult.” Williams, 175 Ariz. at 101, 854 P.2d at 134.
¶ 22 The dissent would expand the reach of the statute, contrary to our supreme court’s opinion in Williams. As we understand it, the dissent would apply the statute in all eases in which the victim happens to be a child unless the child were unperceived by the defendant and the defendant engaged in generalized unfocused conduct that targeted no one at all, merely creating a risk to the general public. Our supreme court’s reading of the statute precludes such an expansive interpretation.
¶ 23 Accordingly, we vacate the sentence for the aggravated assault as a dangerous crime against a child and remand for resen- *361 fencing. Pursuant to our prior memorandum decision, the remainder of the convictions and sentences are affirmed.
CONCURRING: CECIL B. PATTERSON, JR., Presiding Judge.

. The remainder of our memorandum decision, unaffected by today’s opinion, affirmed defendant’s convictions and in particular upheld a juty instruction on accomplice liability. The State's petition for review principally attacked the court of appeals’ opinions in State v. Sepahi, 204 Ariz. 185, 61 P.3d 479 (App.2003), vacated by 206 Ariz. 321, 78 P.3d 732, and State v. Samano, 198 Ariz. 506, 11 P.3d 1045 (App.2000). Our prior memorandum decision in this case expressly disavowed any reliance on the court of appeals’ opinion in Sepahi. And although our decision cited Samano approvingly, our holding rested on the core of the supreme court’s opinion in State v. Williams, 175 Ariz. 98, 854 P.2d 131 (1993), and the supreme court's opinion in Sepahi reaffirmed its prior decision in Williams. The remainder of the State’s petition for review challenged our application of the Williams test to the facts of this case, and it is that matter that we revisit here. As in the supreme court's Sepahi opinion, this opinion does not discuss Samano: We need not rely on it to apply the correct principles of law to the facts of this case.

. In Sepahi, too, a jury found that the victim was under the statutory threshold age of fifteen. The jury was asked to determine neither that the offense was a dangerous crime against a child, nor the predicate fact that defendant have directed his conduct at the child victim. See Blakely v. Washington, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (jury must find facts that increase punishment beyond the sentence authorized by verdict alone). In view of our disposition, we need not decide whether that omission constituted reversible error.

. The jury did determine that the victim was less than fifteen years old, the statutory definition of a child for sentencing purposes. The judge sentenced defendant under the special sentencing provision, but made no specific finding that the facts satisfied the requirement that the conduct targeted that victim. Instead, the sentencing judge appeared to rely solely on the victim's age, although that fact alone is insufficient to qualify for special sentencing. Sepahi, 206 Ariz. at 324, ¶ 18, 78 P.3d at 735.

. The remaining holding of Sepahi has no application here. Our supreme court rejected the notion, advanced in the lower court opinion, that defendant Sepahi could not be sentenced under the statute "because there was no evidence that he was 'peculiarly dangerous to children' or that he 'pose[s] a direct and continuing threat to the children of Arizona.’ " 206 Ariz. at 321, ¶ 1, 78 P.3d at 732 (quoting Sepahi, 204 Ariz. at 189, ¶ 14, 61 P.3d at 483). Our prior memorandum decision imposed no such requirements, and indeed we expressly disavowed reliance on the court of appeals' decision in Sepahi.

. Although Williams was unaware that one passenger in the other vehicle was a child, such awareness is not required. Sepahi, 206 Ariz. at 324, ¶ 17, 78 P.3d at 735. It is enough that the conduct is directed at a particular person, and that person "turn[ed] out to be a child, even if the defendant quite reasonably believed to the contrary....” Id.