NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GREGORY SCOTT OSBORNE, *Petitioner*.

No. 1 CA-CR 20-0305 PRPC

FILED 11-10-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2015-005539-001
The Honorable John Christian Rea, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

DuMond Law Firm PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe, Judge Kent E. Cattani and Judge Cynthia J. Bailey delivered the decision of the Court.

---

**PER CURIAM:**

¶1      Petitioner Gregory Scott Osborne petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR"). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2      After a settlement conference, Osborne pled guilty to three amended offenses: molestation of a child, a class 2 felony; attempt to commit molestation of a child, a class 3 felony; and attempt to commit sexual conduct with a minor, a class 3 felony. All offenses are dangerous crimes against children ("DCAC"). Following the terms of the plea, the trial court sentenced Osborne to a slightly mitigated term of 15 years in prison to be followed by lifetime probation. Osborne timely initiated PCR proceedings, claiming ineffective assistance of counsel ("IAC"), no factual basis to support the plea, and other due process violations. After the State responded, the superior court summarily dismissed the petition. This petition for review followed.

¶3      To state a colorable claim of IAC, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985). Additionally, a plea agreement waives all non-jurisdictional defenses, as well as errors and defects that occurred prior to the plea, including deprivations of constitutional rights. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). IAC claims directly related to the entry of the plea may be asserted, but *State v. Quick*, 177 Ariz. 314, 316 (App. 1993), but the burden is on the defendant to show IAC, and "the showing must be that of a provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999).

¶4            Here, Osborne fails to state a colorable claim of IAC.  His arguments are either waived or unsupported by the record.  First, Osborne claims counsel was ineffective for failing to object to consideration of the victim's allegations that Osborne molested the victim in another state.  But trial counsel in fact argued at sentencing that Osborne's lack of criminal history was a mitigating factor, pointing out that despite the State's attempts to find proof of an earlier out-of-state offense, nothing was found.

¶5            Osborne also claims trial counsel was ineffective for failing to file a motion to remand to the grand jury due to errors in the indictment.  However, because Osborne pled guilty, any objection to the indictment is waived.  Regardless, the record shows that the parties were aware of the issues in the indictment.  During the settlement conference, the State indicated its willingness to amend the indictment should the case go to trial, noting that any change to the indictment would still carry a DCAC allegation.  Further, Osborne expressly agreed that the charges in the plea agreement could be amended without making the State obtain a new charging document.  Osborne fails to show how he was prejudiced by counsel not filing the motion.

¶6            Osborne makes general claims of poor communication with counsel, asserting that he would not have entered the plea had he been properly advised by counsel.  But without more than mere generalizations and unsubstantiated claims, Osborne fails to state a colorable claim of IAC. *See State v. Borbon*, 146 Ariz. 392, 399 (1985).

¶7            Osborne next argues that there was no factual basis to support the plea because the State did not prove the offenses were sexually motivated beyond a reasonable doubt.  Osborne also alleges there was no factual basis to support the DCAC allegation because the last day of the date range on the plea included the victim's fifteenth birthday.  But the date range included dates supporting the DCAC allegation, and based on the record before us, we cannot say that the factual basis was deficient. *See State v. Salinas*, 181 Ariz. 104, 106 (1994) (stating the factual basis need not show guilt beyond a reasonable doubt; only strong evidence of guilt need be established); *State v. Sodders*, 130 Ariz. 23, 25 (App. 1981) (stating the factual basis to support a plea may be ascertained from the extended record).  Again, Osborne fails to state a colorable claim.

¶8            Finally, Osborne argues that his sentence is illegal, claiming it was enhanced twice by the age of the victim. *See* A.R.S. §§ 13-705(C) and (D) (sentence enhancements for sexual conduct with a minor and molestation of a child who is twelve, thirteen, or fourteen years of

age); -1405(B) ("Sexual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to § 13-705."), and -1410 ("Molestation of a child [who is under fifteen years of age] is a class 2 felony and is punishable pursuant to § 13-705."). Osborne's argument and his reliance on our decision in *State v. Samano*, 198 Ariz. 506 (App. 2000), *abrogated by* 209 Ariz. 220 (App. 2004), are unavailing. *See State v. Miranda-Cabrera*, 209 Ariz. 220, 224, ¶ 19 (App. 2004) (recognizing that *State v. Sepahi*, 206 Ariz. 321 (2003), substantially rejected the reasoning behind *Samano*). The statutes Osborne was charged with expressly permit DCAC sentencing enhancements. *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007) (stating a statute's language is "the best and most reliable index of a statute's meaning" (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 8 (2007)). Additionally, the Arizona Supreme Court has repeatedly upheld the validity of the DCAC sentencing enhancements on molestation of a child and sexual conduct with a minor. *See Sepahi*, 206 Ariz. at 324, ¶ 19 (upholding DCAC sentencing enhancements when the defendant commits one of the statutorily enumerated crimes listed in A.R.S. § 13-705 and that his conduct was "focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen"); *State v. Williams*, 175 Ariz. 98, 103–04 (1993) ("[T]he question of whether the child victim is the target of the defendant's criminal conduct will rarely be an issue given the nature of the crimes . . . . It is impossible to imagine how . . . molestation, [and] sexual conduct . . . could be committed without targeting persons."). Osborne fails to argue how these offenses were not targeted against the victim, thus, the DCAC sentencing enhancements were appropriate.

¶9        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4