SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No.  CR-03-0070-PR |
| Appellee/Respondent, | ) |
| | ) Court of Appeals |
| v. | ) Division Two |
| | ) Nos. 2 CA-CR 01-0403 & |
| ABRAHAM DAVID SEPAHI, | )      2 CA-CR 02-0163 PRPC |
| | )      (Consolidated) |
| | ) |
| Appellant/Petitioner. | ) |
| | ) Pinal County Superior |
| | ) Court |
| | ) No.  CR99025856 |
| | ) |
| | ) **O P I N I O N** |
| _____ | ) |

Appeal from the Superior Court of Pinal County
The Honorable Boyd T. Johnson, Judge

**AFFIRMED IN PART**

---

Opinion of the Court of Appeals, Division Two
204 Ariz. 185, 61 P.3d 479

**VACATED AND REMANDED**

---

TERRY GODDARD, ATTORNEY GENERAL                            Phoenix
     By:  Randall M. Howe, Chief Counsel
          Criminal Appeals Section
     and  Diane Leigh Hunt, Assistant Attorney General      Tucson
Attorneys for Appellee

ROBERTS, ROWLEY, CHAPMAN, LTD.                                Mesa
     By:  Brian D. Strong
Attorneys for Appellant

**H U R W I T Z,** Justice

¶1      Abraham David Sepahi was convicted of two counts of aggravated assault for shooting a fourteen-year-old victim in the stomach.  The superior court held that the crimes for which Sepahi was convicted were dangerous crimes against a child and therefore sentenced Sepahi under the special sentencing provisions of Arizona Revised Statutes ("A.R.S.") § 13-604.01(K) (Supp. 1999).  The court of appeals vacated those sentences, holding that Sepahi had not committed a dangerous crime against a child because there was no evidence that he was "peculiarly dangerous to children" or that he "pose[s] a direct and continuing threat to the children of Arizona." *State v. Sepahi*, 204 Ariz. 185, 189 ¶ 14, 61 P.3d 479, 483 (App. 2003) (alteration in original).

¶2      We granted review because the quantum of proof to establish that a crime is a "dangerous crime against children" under A.R.S. § 13-604.01 is an issue of statewide importance.  We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4032(3) (2001).  Because this case involves interpretation of a statute, our review is de novo.  *State v. Christian*, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003).

¶3    In September of 1999, Abraham Sepahi and a friend approached a young girl and an adult, both of whom were on the front porch of the adult's trailer. Sepahi's friend conversed with the adult about gang affiliations, and eventually the girl, afraid that the situation could escalate into a fight, asked Sepahi and his friend to leave. When they did not, she became agitated and threatened to fight them both. Sepahi hit her on the arm, and she responded by hitting him on the head. Sepahi then pulled out a gun and fired one shot, hitting the girl in the stomach.

¶4    Sepahi was fourteen at the time of the incident, as was the victim. He was tried as an adult and convicted of aggravated assault causing serious physical injury, A.R.S. § 13-1204(A)(1) (Supp. 1999), and aggravated assault involving the use of a deadly weapon or dangerous instrument, A.R.S. § 13-1204(A)(2).[1]

¶5    The jury also found that, at the time of the incident, the victim was under the age of fifteen. At sentencing, the trial judge held that the offenses were dangerous crimes committed against a child as defined in A.R.S. § 13-

_____

[1]    Sepahi was also charged with attempted second degree murder, but was acquitted of that charge.

604.01(L)(1)(b), and sentenced Sepahi pursuant to A.R.S. § 13-604.01(K) to two consecutive ten-year terms of imprisonment.

¶6    The court of appeals vacated the sentences, holding that the dangerous crimes against children statute did not apply to this case. *Sepahi*, 204 Ariz. at 189-90 ¶¶ 14-15, 61 P.3d at 483-84. While finding that Sepahi's conduct was directed at a victim under the age of fifteen, the court of appeals read § 13-604.01 as also requiring a showing that the defendant was "'peculiarly dangerous to children'" or otherwise "'pose[s] a direct and continuing threat to the children of Arizona.'" *Id.* at 189 ¶ 14, 61 P.3d at 483 (alteration in original) (quoting *State v. Williams*, 175 Ariz. 98, 102-03, 854 P.2d 131, 135-36 (1993)). Because the superior court had noted at sentencing that the record in this case would not support such findings, the court of appeals vacated the consecutive sentences imposed under the dangerous crimes against children statute and remanded for resentencing. *Id.* at 190 ¶ 15, 61 P.3d at 484.

**II.**

¶7    Section 13-604.01 requires enhanced penalties for persons convicted of a "dangerous crime against children." The statute defines such a crime as one of fifteen enumerated offenses "that is committed against a minor who is under fifteen years of age." A.R.S. § 13-604.01(L)(1). Aggravated assault

4

resulting in serious injury or involving the discharge or use of a weapon is among the offenses listed. *Id.* Sepahi was convicted of two of the enumerated crimes, and it is undisputed that his victim was under the age of fifteen.

¶8    As the court of appeals correctly recognized, however, this does not end the inquiry under A.R.S. § 13-604.01. We held in *Williams* that even when a defendant is convicted of one of the statutorily enumerated crimes and the victim is younger than fifteen, "something more" is required to activate the special sentencing provisions of the statute. 175 Ariz. at 102, 854 P.2d at 135. Because the dispute in this case is about what constitutes that "something more," the appropriate starting point in the analysis is our opinion in *Williams*.

## A.

¶9    *Williams* involved a defendant who, while driving drunk, crashed his truck into the back of a station wagon. *Williams*, 175 Ariz. at 99, 854 P.2d at 132. A fourteen-year-old boy was thrown from the station wagon and badly injured. *Id.* Williams was convicted of aggravated assault involving physical injury and use of a dangerous weapon. Finding the aggravated assault to be a dangerous crime against a child, the superior court sentenced Williams under the enhanced sentencing

provisions of § 13-604.01.  *Id*.  The court of appeals affirmed. *Id*.

¶**10**　　　The issue before this court in *Williams* was whether an offense enumerated in A.R.S. § 13-604.01(L)[2] was a "dangerous crime against children" whenever the victim was under the age of fifteen.  We began, as we must in any case involving statutory interpretation, with the language of the statute involved. Section 13-604.01(L) defines a "dangerous crime against children" as one "committed *against* a minor under fifteen years of age." (Emphasis added.)  Noting that the legislature had not chosen to define a dangerous crime simply as one in which the "victim is under fifteen years of age," a phrase it had employed in other criminal statutes, we then set out to determine what the term "against a minor" meant.  *Williams*, 175 Ariz. at 101, 103, 854 P.2d at 134, 136.  We concluded that "the most natural reading of the definition of a 'dangerous crime against children' indicates that it refers to crimes that target or focus upon children."  *Id*. at 102, 854 P.2d at 135.

---

[2]　　Formerly A.R.S. § 13-604.01(K) (Supp. 1986).  Section 13-604.01 has been amended several times since *Williams* was decided.  *See* 1993 Ariz. Sess. Laws, ch. 255, § 8; 1997 Ariz. Sess. Laws, ch. 179, § 1; 1998 Ariz. Sess. Laws, ch. 281, § 1. For ease of reference, we cite to the version now in effect, which does not differ in any material respect from the statute interpreted in *Williams*.

6

¶11      We found support for that conclusion in the legislative history of § 13-604.01, which was "calculated to reach criminals who specifically prey upon children" and "predators who pose a direct and continuing threat to the children of Arizona." *Id.* Because the special penalties in the statute were intended to punish and deter such persons, we concluded that the legislature did not intend to apply § 13-604.01 to persons like Williams, who "fortuitously injure children by their unfocused conduct." *Id.* at 103, 854 P.2d at 136. We consequently rejected the State's contention that the statute could be satisfied simply by proof of the age of the victim.

¶12      We therefore held in *Williams* that "[b]ecause a 'dangerous crime against children' is defined as one 'committed against a minor under fifteen years of age,' *the defendant's conduct must be focused on, directed against, aimed at, or target a victim under the age of fifteen*." *Id.* (emphasis added). We stressed that the defendant need not know the victim's age to be subject to sentencing under § 13-604.01, but rather held "only that the victim must be the person against whom the crime is directed." *Id.* Because Williams' criminal behavior was not "directed at or focused upon" a victim under the age of fifteen, we held that the enhanced sentencing

provisions of § 13-604.01 did not apply.  *Id.* at 104, 854 P.2d at 137.

**B.**

**¶13**    In this case, as the court of appeals acknowledged, there was no doubt that Sepahi's criminal conduct was "'focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen.'"  *Sepahi*, 204 Ariz. at 188 ¶ 11, 61 P.3d at 482 (alteration in original) (quoting *Williams*, 175 Ariz. at 103, 854 P.2d at 136).  Nonetheless, emphasizing the discussion in *Williams* about the legislative history of § 13-604.01, the court of appeals held that Sepahi did not commit a dangerous crime against a child because there was no evidence that he is "'peculiarly dangerous to children,' or otherwise 'pose[s] a direct and continuing threat to the children of Arizona.'" *Sepahi*, 204 Ariz. at 189 ¶ 14, 61 P.3d at 483 (alteration in original) (quoting *Williams*, 175 Ariz. at 102-03, 854 P.2d at 135-36).  That conclusion misapprehends both *Williams* and the language of § 13-604.01.

**¶14**    We noted in *Williams* that while "the most natural reading of the definition of a 'dangerous crime against children' indicates that it refers to crimes that target or focus upon children, it can certainly be argued that the language is not so plain that it admits of no other

8

interpretation." *Williams*, 175 Ariz. at 102, 854 P.2d at 135. Therefore, in order to decide whether to adopt either the "most natural" reading of § 13-604.01 or the alternative interpretation urged by the State — that the statute was satisfied whenever the victim of an enumerated crime was under the age of fifteen — we reviewed the legislative history of the statute. *Id.* at 102-03, 854 P.2d 135-36. Because that history demonstrated that the legislature was "attempting to respond effectively to those predators who pose a direct and continuing threat to the children of Arizona," *id.*, we concluded that the legislature could not have intended the statute to apply to "people like Williams who do not prey on helpless children but who fortuitously injure children by their unfocused conduct," *id.* at 103, 854 P.2d at 136.

¶15     In other words, when choosing between two possible interpretations of the words of the statute, we placed some emphasis on the concern of legislative proponents of the statute in determining that the "most natural" reading of § 13-604.01 was in fact appropriate. But it is a far step from that conclusion to the one reached below — that is, that the statute not only requires that the crime be "against" a child in the sense that the child is the target of the crime, but also that the perpetrator be shown to be "peculiarly dangerous" to

children or "pose a direct and continuing threat to children." Such an interpretation in effect amends the statute to require proof of elements not set forth by the legislature, and thus contravenes the "universal rule that courts will not enlarge, stretch, or expand a statute to matters not falling within its express provisions." *State ex rel. Morrison v. Anway*, 87 Ariz. 206, 209, 349 P.2d 774, 776 (1960). "A departure from this rule is to alter the statute and legislate, and not to interpret." *Id.*

¶16    In the end, a statute's language is the most reliable index of its meaning. *State v. Thompson*, 204 Ariz. 471, 481 ¶ 37, 65 P.3d 420, 430 (2003). While, as *Williams* holds, the phrase "committed against a minor under fifteen years of age" can naturally and logically be read as requiring targeting of a child, it stretches that statutory language beyond ordinary bounds to read it as also necessitating proof of some sort of special continuing dangerous status on the part of the defendant. While the legislature could have rationally passed such a statute, it did not do so, and we cannot rewrite the statute to reach such a result.

¶17    Moreover, it is difficult to reconcile the notion that § 13-604.01 requires that the defendant pose "a direct and continuing threat to children" with the clear statement in

10

*Williams* that the defendant need not know the age of the victim. *Williams*, 175 Ariz. at 102-03, 854 P.2d at 135-36. *Williams* thus plainly indicates that a defendant who intends to direct his criminal conduct only at adults can nonetheless be subjected to the special sentencing provisions of § 13-604.01 when his victim turns out to be a child, even if the defendant quite reasonably believed to the contrary at the time the crime was committed. *See id.* at 103, 854 P.2d at 136 ("We hold *only* that the victim must be the person against whom the crime is directed, not that the accused must know the person is under fifteen.") (Emphasis added.)

¶18    Nor is a different conclusion compelled by our observation in *Williams* that "a dangerous crime against a child is a crime against a child *qua* child." *Williams*, 175 Ariz. at 101, 854 P.2d at 134. That language directly follows and explains this court's statement that "a fair construction of the statute is that it refers to crimes in which the child is the target of the criminal conduct." *Id.* Thus, the "child *qua* child" language imposes no additional requirement over and above that of targeting the victim; rather, it explains why the statute requires such targeting, and not simply that the victim be a child.

11

¶19    We therefore reaffirm the holding in *Williams* that in order to prove that a defendant has committed a dangerous crime against a child, the State must prove that the defendant committed one of the statutorily enumerated crimes and that his conduct was "focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen." *Williams*, 175 Ariz. at 103, 854 P.2d at 136. Because there is no dispute in this case that Sepahi directed, aimed at, and targeted his criminal conduct against a victim under the age of fifteen, the superior court correctly concluded that he was subject to the special sentencing provisions of § 13-604.01.[3]

## III.

¶20    Our conclusion that Sepahi's offenses qualified as dangerous crimes against children under § 13-604.01 requires us

---

[3]    Sepahi argued for the first time in his supplemental brief in this court that § 13-604.01 runs afoul of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the statute allows a judge, rather than a jury, to determine whether a crime is a dangerous crime against a child. This issue was not raised either in the superior court or the court of appeals, and therefore was not preserved for our review. *See State v. Jones*, 185 Ariz. 471, 480, 917 P.2d 200, 209 (1996).

In any event, in light of our holding today that § 13-604.01 requires only that the defendant's conduct be focused on, directed against, aimed at, or targeted at a victim under the age of fifteen, any *Apprendi* error would be harmless. *See United States v. Cotton*, 535 U.S. 625, 632-33 (2002) (applying "plain error" analysis to *Apprendi* claim not raised at trial). Sepahi's counsel quite correctly conceded at oral argument that Sepahi's conduct was directed at and targeted the minor victim.

12

to address briefly one other issue decided by the court of appeals. Sepahi argued below that the double punishment prohibition in A.R.S. § 13-116 (Supp. 1999) precluded the imposition of consecutive sentences. The court of appeals concluded that the two counts of aggravated assault for which Sepahi was convicted constituted a single act for purposes of sentencing, and that § 13-116 therefore prohibited consecutive sentencing. *Sepahi*, 204 Ariz. at 190-91 ¶¶ 16-23, 61 P.3d at 484-85.

¶21 The State did not argue below that the aggravated assault counts were separate acts for purposes of application of § 13-116. *Id.* at 190 n.2, 61 P.3d at 484 n.2. The State did argue, however, that A.R.S. § 13-604.01(K) nonetheless required the imposition of consecutive sentences. The court of appeals did not address that argument, because it had concluded that the dangerous crimes against children statute did not apply to this case. Neither party has briefed this issue on appeal, and we therefore remand to the court of appeals to consider the State's argument.[4]

---

[4] As the court of appeals noted, *State v. Arnoldi*, 176 Ariz. 236, 242, 860 P.2d 503, 509 (App. 1993), held that "§ 13-116 is paramount in the statutory scheme of sentencing," and prohibits consecutive sentences under § 13-604.01(K) when the acts or omissions at issue constitute one act under the test set forth in *State v. Gordon*, 161 Ariz. 308, 778 P.2d 1204 (1989). *See Sepahi*, 204 Ariz. at 191 n.3, 61 P.3d at 485 n.3.

## IV.

¶22     For the reasons above, we vacate the opinion of the court of appeals and remand this case to the court of appeals for further proceedings consistent with this opinion.


_____
Andrew D. Hurwitz, Justice


CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice


_____

Therefore, under the analysis in the opinion below, § 13-116 would prohibit the imposition of consecutive sentences on Sepahi even if the dangerous crimes against children statute applies. However, the court of appeals did not address the State's argument that *Arnoldi* was incorrectly decided, an argument that the State is free to renew on remand. We express no opinion as to the correct disposition of that argument.