199 P.3d 693

**STATE of Arizona, Appellee,**

v.

**Jorge Mario GURROLA, Appellant.**

**No. 1 CA–CR 07–0568.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 18, 2008.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals Section, Diane L. Hunt, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Michael J. Dew, Phoenix, Attorney for Appellant.

## OPINION

JOHNSEN, Judge.

¶1 Jorge Mario Gurrola beat to death his pregnant girlfriend, in the process killing their unborn child. He appeals the sentence imposed on him pursuant to Arizona Revised Statutes ("A.R.S.") section 13–604.01 (Supp. 2007), which provides enhanced sentences for dangerous crimes against children. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Gurrola's girlfriend was seven weeks' pregnant when Gurrola hit her head at least twice, killing her.[1] The treating physician testified that after the girlfriend was declared brain dead, she could not be maintained on life support in order to save the unborn child. Gurrola's videotaped confession, in which he acknowledged he knew his girlfriend was pregnant, was entered in evidence at trial.

¶3 The jury found Gurrola guilty of two counts of second-degree murder. He was sentenced to a prison term of 16 years in the death of his girlfriend, count one. On count two, for the death of the fetus, the superior court sentenced him to a term of 20 years, consecutive to the sentence on count one, pursuant to A.R.S. § 13–604.01.[2]

¶4 Gurrola timely appealed his sentence on count two. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1) (2003) and 13–4033(A)(3) (2001).

## DISCUSSION

¶5 Gurrola argues the superior court erred in sentencing him pursuant to section 13–604.01 because his conduct was "not focused on, directed against, aimed at, nor targeted [at]" the unborn child.[3] Our review of the superior court's interpretation of the dangerous crimes against children statute is *de novo*. *State v. Sepahi*, 206 Ariz. 321, 321, ¶2, 78 P.3d 732, 732 (2003); *see also State v. Cabanas–Salgado*, 208 Ariz. 195, 196, ¶11, 92 P.3d 421, 422 (App.2003).

### A. Dangerous Crimes Against Children.

¶6 Gurrola was convicted of second-degree murder pursuant to A.R.S. § 13–1104 (Supp. 2007). Subpart B of that statute provides that the offense of second-degree murder "applies to an unborn child in the womb at any stage of its development." A.R.S. § 13–1104(B). When the victim of a second-degree murder is an unborn child, the offense is punishable as a "dangerous crime against children." A.R.S. § 13–604.01(M), (N)(1)(a). As for the sentence to be imposed for such an offense, section 13–604.01(B) provides:

> [A] person ... convicted of a dangerous crime against children in the first degree involving ... second degree murder of a minor who is under twelve years of age ... may be sentenced to life imprisonment.... If a life sentence is not imposed pursuant to this subsection, the person shall be sentenced to a presumptive term of imprisonment for twenty years.

Additionally, section 13–604.01(L) requires that the sentence imposed for the "danger-

---

1. We view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Gurrola. *State v. Fontes*, 195 Ariz. 229, 230, ¶2, 986 P.2d 897, 898 (App.1998).

2. We cite to the current version of statutes because no revisions material to this decision have since occurred.

3. Prior to sentencing, Gurrola argued he should not be sentenced pursuant to section 13–604.01 because at a settlement conference, the State did not state it intended to pursue sentencing under that section and stated that it did not intend to

allege any "other" sentencing enhancements. The superior court found that Gurrola had sufficient notice that section 13–604.01 would apply. Although Gurrola notes in his brief that the State requested he be sentenced pursuant to section 13–604.01 *"after* the verdict" (emphasis in original), he does not argue that the superior court erred in finding he had sufficient notice; therefore, we consider that argument waived. *See State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim."); *see also* Ariz. R.Crim. P. 31.13(c)(1).

ous" second-degree murder of a child be consecutive to any other sentence.

¶ 7 An offense enumerated in section 13–604.01, such as second-degree murder, is not a dangerous crime against children simply because the victim is under the age of fifteen. *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). Rather, section 13–604.01(N)(1) defines a dangerous crime against children as one committed "against a minor," meaning that the statute applies when the defendant's conduct "aims at, targets or focuses on a victim under the age of fifteen." *Id.* at 102, 854 P.2d at 135; *see also Sepahi,* 206 Ariz. at 324, ¶ 19, 78 P.3d at 735.

¶ 8 The requirement that conduct be focused on a child does not mean, however, that a dangerous crime against children may not be committed by reckless conduct. *Williams,* 175 Ariz. at 101, 854 P.2d at 134 (rejecting the argument "that a 'dangerous crime against children' can only be committed intentionally or knowingly, in contrast to recklessly"). A reckless crime is committed "against" a child when the conduct "manifests a conscious disregard of a risk to children, as opposed to the general public," even if harm to a child was not intended. *Id.* (internal citation omitted); *State v. Miranda–Cabrera,* 209 Ariz. 220, 225, ¶ 22, 99 P.3d 35, 40 (App.2004).

¶ 9 In *Williams,* the Arizona Supreme Court found that a driver whose reckless driving "created a risk to everyone around him and [was] not aimed at the young boy who ultimately became his victim" did not commit a dangerous crime against children. 175 Ariz. at 100, 854 P.2d at 133. The court noted, however, that a driver who "harasses a well marked school bus and recklessly injures a child passenger can be said to have the focus sufficient to satisfy § 13–604.01. Such a reckless crime ... manifests a conscious disregard of a risk to children ... as opposed to the general public." *Id.* at 101, 854 P.2d at 134 (internal citation omitted). As this hypothetical demonstrates, recklessness can be either focused or unfocused; when reckless conduct is focused on a child, it may be the basis for an enhanced penalty under section 13–604.01. *See Miranda–Cabrera,* 209 Ariz. at 225, ¶ 22, 99 P.3d at 40.

## B. The Superior Court Did Not Err in Sentencing Gurrola Pursuant to Section 13–604.01.

¶ 10 A.R.S. § 13–1104 provides, in pertinent part:

> A person commits second degree murder if without premeditation: ... (2) Knowing that the person's conduct will cause death or serious physical injury, the person causes the death of another person, including an unborn child or, as a result of knowingly causing the death of another person, causes the death of an unborn child; or (3) Under circumstances manifesting extreme indifference to human life, the person recklessly engages in conduct that creates a grave risk of death and thereby causes the death of another person, including an unborn child or, as a result of recklessly causing the death of another person, causes the death of an unborn child.

The indictment in this case alleged that Gurrola, "without premeditation, as a result of knowingly or recklessly causing the death of [his girlfriend], caused the death of an unborn child."

¶ 11 Gurrola argues the language of the indictment belies the State's contention that his actions were focused on the fetus. He argues that "[r]ather than accuse defendant of actually causing the death of the unborn child, [the indictment] averred he knowingly or recklessly caused the death of the *mother,* and that the child died as a secondary result thereof." As a result, he argues the State alleged his "actions were focused solely on the *mother,* not the fetus." We disagree. The language of section 13–1104, mirrored in the indictment, plainly provides that second-degree murder occurs when one who knowingly or recklessly causes the death of another person also thereby "cause[s] the death of an unborn child." The State alleged that by his recklessness, Gurrola caused the death of the fetus.

¶ 12 We conclude that Gurrola's reckless conduct was sufficiently focused on the fetus to fall within the purview of section 13–604.01. While one might commit second-de-

gree murder of a fetus without focusing on the unborn child (if, for example, one recklessly causes the death of a pregnant woman not knowing she is pregnant), that was not the situation here. Gurrola's videotaped statement established he knew his girlfriend was pregnant when he beat her. Gurrola should have been aware that beating a pregnant woman poses a serious risk to her unborn child, and he was reckless as to the risk created by his actions. Although he argues he did not intend to injure the fetus, evidenced by the fact that he hit his girlfriend only in the head and not in her abdomen, Gurrola did not have to intend to harm the fetus in order for his conduct to be punishable pursuant to section 13–604.01. *See Miranda–Cabrera*, 209 Ariz. at 225, ¶ 22, 99 P.3d at 40. Regardless whether Gurrola intended to harm the fetus, his conduct manifested a conscious disregard of a risk to this particular unborn child and therefore constituted a reckless crime against children. *See Williams*, 175 Ariz. at 101, 854 P.2d at 134.

## CONCLUSION

¶ 13 The evidence plainly supports the conclusion that Gurrola's acts were sufficiently directed at a child to constitute a dangerous crime against children pursuant to § 13–604.01. We therefore find that the superior court did not err in sentencing Gurrola pursuant to section 13–604.01 and affirm the sentence.

CONCURRING: PATRICIA A. OROZCO and SHELDON H. WEISBERG, Judges.

