NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT THOMAS MCMORRIS, *Appellant*.

No. 1 CA-CR 17-0379
FILED 5-17-2018

---

Appeal from the Superior Court in Yuma County
No. S1400CR201301328
The Honorable David M. Haws, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Cynthia Brubaker
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

_____

H O W E, Judge:

¶1         Robert Thomas McMorris appeals his convictions and sentences for aggravated assault, a class 2 felony, and reckless child abuse, a class 3 felony. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         We view the facts in the light most favorable to upholding the jury verdicts. *State v. Miranda-Cabrera*, 209 Ariz. 220, 221 ¶ 2 (App. 2004). McMorris is the father of M.M. and L.M. McMorris and the children's mother, N.E., split from each other in October 2013. The following month, 4-month-old M.M. and 18-month-old L.M. spent the weekend with McMorris. This was the first solo weekend the children had with McMorris since the couple ended their relationship.

¶3         During the weekend, McMorris gave M.M. a bath. While taking M.M. out of the bathtub, McMorris became frustrated, squeezed and shook M.M., and then dropped M.M. on the bathroom floor. M.M. immediately became unresponsive and was "stiffening up and grunting." McMorris called N.E. and informed her that M.M. "was not responding" and together they took M.M. to Yuma Regional Medical Center. Because M.M.'s injuries required more specialized care, M.M. was airlifted to Phoenix Children's Hospital for emergency care. Phoenix Children's Hospital staff were unable to control M.M.'s seizures and placed him in a week-long medical coma. M.M.'s test results showed mild swelling, damaged retinas causing partial blindness, and subdural hematomas spanning the occipital and posterior parietal lobes of his brain, which required the insertion of tubes into his head to drain the fluid.

¶4         A Yuma police detective interviewed McMorris at Phoenix Children's Hospital. McMorris told the detective that while he was giving M.M. a bath, M.M. fainted, fell backward, and hit his head on the plastic bather McMorris was using in the bathtub. A couple weeks later, the detective asked McMorris to conduct a reenactment interview at

McMorris's apartment to which McMorris agreed. McMorris explained what had occurred in roughly the same way he had explained two weeks prior. After the reenactment interview, the detective asked McMorris to come to the police station for an additional interview. McMorris followed the detective to the police station.

¶5        While at the police station, the detective told McMorris that he was not under arrest but nonetheless read McMorris his *Miranda*[1] rights. During the interview, the detective explained to McMorris that his story was inconsistent with M.M.'s injuries as the doctors described them. Faced with this information, McMorris told the detective that M.M. had been crying and screaming while getting bathed and that he had pulled M.M. out of the bath to grab a towel and M.M. slipped out of his hands and fell. The detective asked more questions and McMorris then admitted that he had squeezed, shaken, and dropped M.M. on the bathroom floor. When asked how hard he had shaken M.M., McMorris responded, "[h]ard enough." McMorris then told the detective that if he could tell N.E. anything he would tell her that he "was frustrated." McMorris was subsequently indicted on one count of intentional and knowing child abuse, and one count of aggravated assault causing serious physical injury to a person under 15 years of age, each charged as dangerous crimes against children under A.R.S. § 13–705.

¶6        During trial in June 2016, N.E. testified that M.M. was born without any complications and was healthy before this incident. She also testified that she had received a call from McMorris telling her that M.M. "was not responding" and that she and McMorris took M.M. to the hospital. She further testified that for the first couple of days after the incident McMorris kept stating that he had no idea how M.M. had been hurt. Finally, she testified that by the time of trial, M.M. (1) still needed physical, occupational, and speech therapy; (2) was no longer seizing; (3) had started to make improvements in his vision; and (4) had started walking two months earlier. Two child abuse pediatricians who observed M.M. testified at trial. One testified that M.M.'s injuries were "much more severe and widespread" than she would have expected from falling backwards in a plastic bather. She also testified that the injuries were "highly suspicious for inflicted injury, or abus[ive] head trauma." The other pediatrician testified that his medical opinion was that M.M.'s injuries were not accidental and that the injuries were likely caused by shaking M.M.

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶7 Before releasing the jury for deliberations, the trial court read the final jury instructions, which included an instruction on the dangerous crimes against children statute. The instruction stated that if the jury found McMorris guilty of either crime, it must determine beyond a reasonable doubt whether the offense was a dangerous crime against a child, that is, if McMorris's conduct "was focused on, directed against, aimed at, or targeted a victim" under 15. But the jury was not given any verdict form that allowed it to make that designation. After deliberations, the jury found McMorris guilty of aggravated assault causing serious physical injury and guilty of reckless child abuse, the lesser-included offense of the intentional and knowing child abuse charge. The jury also found that both convictions were domestic violence crimes and that M.M. was under age 15. But the jury did not expressly find that McMorris's aggravated assault crime was a dangerous crime against a child.

¶8 After a hearing on aggravating and mitigating circumstances, the trial court sentenced McMorris to a mitigated but enhanced sentence of ten years' imprisonment for the aggravated assault conviction pursuant to the dangerous crimes against children statute. For the lesser-included offense of reckless child abuse, the court imposed a consecutive term of 36 months' probation. McMorris timely appealed.

## DISCUSSION

### 1. Dangerous Crimes Against Children

¶9 McMorris argues that the trial court erred by sentencing him under A.R.S. § 13–705, the dangerous crimes against children statute, because the jury did not find that his conviction was a dangerous crime against a child. McMorris failed to object below, however, and we therefore review only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567 ¶ 19 (2005). Whether the trial court correctly enhanced a sentence as a dangerous crime against children is a legal question we review de novo. *See State v. Sepahi*, 206 Ariz. 321, 321 ¶ 2 (2003). Because any reasonable jury would have found that McMorris's crime was a dangerous crime against a child, any error was harmless.

¶10 To prove that a defendant has committed a dangerous crime against a child, the State must show that the defendant committed one of the enumerated crimes in A.R.S. § 13–705 and that "his conduct was focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen." *Sepahi*, 206 Ariz. at 324 ¶ 19. McMorris does not dispute that the jury found him guilty of aggravated assault—one of the enumerated crimes

in A.R.S. § 13–705(D). Nor does McMorris challenge that the jury expressly found that four-month-old M.M. was under the age of 15 at the time of the crime. He argues, however, that the jury did not find that his conduct "was focused on, directed against, aimed at, or targeted" M.M. and therefore he could not be subject to an enhanced sentence under A.R.S. § 13–705.

¶11 The State concedes that the jury did not return a finding on the targeting factor but contends that the "error was harmless because overwhelming trial evidence satisfied the factor." The State is correct. "*Blakely*[2] error . . . can be harmless if no reasonable jury, on the basis of the evidence before it, could have failed to find [the facts] . . . necessary to expose the defendant to the sentence imposed." *State v. Hampton*, 213 Ariz. 167, 183 ¶ 72 (2006). Here, the evidence at trial showed that M.M. was a healthy four-month-old before spending the weekend with McMorris. The jury heard from the detective that McMorris admitted to being frustrated and squeezing, shaking, and dropping M.M. Further, the two pediatricians that saw M.M. testified that the injuries to M.M. did not seem accidental and that McMorris's original story of events was improbable. As such, any reasonable jury would have found that McMorris's conduct was focused on and directed against M.M.—a child. *See Miranda-Cabrera*, 209 Ariz. at 227 ¶ 30 (App. 2004) (finding harmless error where defendant argued that the jury verdict did not satisfy the targeting requirement of the dangerous crimes against children sentencing enhancement).

¶12 McMorris counters that because the jury found him guilty of only reckless child abuse and not intentional or knowing child abuse, the jury "may not have believed that his conduct was 'focused' at all." Even assuming that the jury found McMorris guilty of the aggravated assault charge because of reckless conduct instead of intentional or knowing conduct, this argument is without merit. A defendant's reckless conduct can give rise to a dangerous crime against children sentence. *See State v. Gurrola*, 219 Ariz. 438, 440 ¶ 8 (App. 2008) ("The requirement that conduct be focused on a child does not mean . . . that a dangerous crime against children may not be committed by reckless conduct."). Thus, no error occurred.

## 2. Alleged Double Jeopardy Violation

¶13 McMorris next argues that his convictions and consecutive sentences for aggravated assault and reckless child abuse violates double jeopardy "because it is impossible to commit aggravated assault on a child

---

2    *Blakely v. Washington*, 542 U.S. 296 (2004).

without also committing child abuse." We review de novo whether double jeopardy applies. *State v. Cope*, 241 Ariz. 323, 325 ¶ 8 (App. 2016). Because each crime requires at least one element that is not found in the other, McMorris's convictions do not violate double jeopardy.

**¶14**          "The Double Jeopardy Clause prohibits the imposition of multiple punishments for the same offense." *State v. Eagle*, 196 Ariz. 188, 190 ¶ 6 (2000). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *State v. Anderson*, 210 Ariz. 327, 399 ¶ 139 (2005). Accordingly, to analyze a double jeopardy claim, the court will look to the elements of the crimes for which a defendant was sentenced "to ensure that each crime contains an element not present in the other." *Id.*

**¶15**          McMorris was convicted and sentenced for class 2 felony aggravated assault and class 3 felony reckless child abuse. A defendant is guilty of class 2 felony aggravated assault if he or she (1) intentionally, knowingly, or recklessly (2) causes serious physical injury (3) to a victim under 15 years old. A.R.S. §§ 13–1203(A)(1), –1204(A)(1), (E). Child abuse under A.R.S. § 13–3623(A) is an alternative means statute that provides three ways of committing child abuse. *State v. West*, 238 Ariz. 482, 490 ¶¶ 21–22 (App. 2015). Reckless child abuse occurs when a person, "[u]nder circumstances likely to produce death or serious physical injury," (1) recklessly causes a child to suffer a physical injury; (2) having the care or custody of a child, recklessly causes or permits the child to be injured; or (3) having the care or custody of a child, recklessly causes or permits the child to be placed in a situation where the child is endangered. A.R.S. § 13–3623(A)(2).

**¶16**          In analyzing the two crimes to determine whether each crime has an element not present in the other, class 2 felony aggravated assault as charged here requires proof of two elements not contained in reckless child abuse—serious physical injury and a victim under 15 years old. Class 3 felony reckless child abuse as charged here, on the other hand, requires proof that a child was injured or endangered while in the care and custody of the defendant, that a child suffer physical injury, and that the victim be under 18 years old. *See* A.R.S. § 13–3623(F)(2) (noting that under the child abuse statute, "child" means an individual under 18 years old). Because aggravated assault and reckless child abuse require at least one element that the other does not, McMorris's convictions do not violate double jeopardy.

## CONCLUSION

¶17         For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA