NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LARRY CREWS, *Appellant*.

No. 1 CA-CR 18-0060
FILED 1-24-2019

Appeal from the Superior Court in Yuma County
No. S1400CR201600779
The Honorable David M. Haws, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

**C A M P B E L L**, Judge:

¶1        Larry Crews appeals his convictions and sentences for sexual conduct with a minor and molestation of a child, both class 2 felonies and dangerous crimes against children ("DCAC"). He argues the charges are duplicitous, and he contends his sentences were improperly enhanced as DCAC. Crews also raises a constitutional claim to preserve it for future review. For the following reasons, we affirm.

### BACKGROUND[1]

¶2        Crews had been in a romantic relationship for approximately 10 years when he began engaging in sexual activity with his significant other's 13-year-old son. Crews would fondle the boy's penis over and under his clothes and engage in oral sex with the child. The conduct occurred repeatedly between July and December of 2015.

¶3        The State charged Crews with one count each of sexual conduct with a minor and molestation of a child. The indictment did not specify an act for either charge; rather, it alleged Crews committed each offense "on or about the 1st day of June, 2015 through the 31st day of December, 2015."

¶4        Claiming the charges were duplicitous, Crews moved to dismiss the charges before trial, noting that the State's disclosure revealed multiple acts that could form the factual basis for each count. Crews argued he did not have adequate notice to prepare a defense, and a conviction on either charge would implicate double jeopardy concerns. Further, Crews argued he would run the risk of receiving an improper conviction by less than a unanimous jury verdict. In response, the State explained that the

---

[1]        We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

proper procedure would be for him to elect—after the presentation of trial evidence, but before the case went to the jury—which act the State relied upon to support each charge. The State also pointed out that any prejudice could be cured by a jury instruction, presumably one requiring the jurors to unanimously agree on the specific act constituting each charge.

¶5　　　　Alternatively, Crews moved to dismiss the molestation charge, arguing the molestation statute was unconstitutional. His argument mirrored the reasoning recently set forth by the United States District Court for Arizona, which held the statute improperly shifted the burden to defendants to prove sexual interest did not motivate them to commit the purported acts of molestation. *May v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017).

¶6　　　　The trial court denied both motions, and Crews never requested either curative measure identified by the State. The jury found Crews guilty as charged and that the victim was under 15 years of age but at least 12 years old. The court then imposed consecutive minimum enhanced prison terms totaling 23 years.

## DISCUSSION

### I.　　Duplicitous Charges

¶7　　　　Crews argues the trial court erred by "permitting" him to be convicted of duplicitous charges. Crews again claims he did not have adequate notice of the charged offenses, he was deprived of unanimous jury verdicts, and he will be unable to protect himself from any subsequent prosecution for the criminal acts referenced during the trial.

¶8　　　　The State concedes the charges are duplicitous. But based on Crews' failure to ask the trial court to take curative measures—such as either requiring the State to elect the specific act underlying each count, or instructing the jurors that they must, for each count, unanimously agree on the act that Crews committed—Crews is not entitled to relief absent fundamental error. *Cf. State v. Klokic*, 219 Ariz. 241, 244, ¶ 13 (App. 2008) (noting defendant preserved issue regarding duplicitous charge by requesting trial court take one of two curative measures).

¶9　　　　Our supreme court has recently described a defendant's burden on fundamental error review as follows:

> A defendant establishes fundamental error by showing that
> (1) the error went to the foundation of the case, (2) the error

took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial. If the defendant establishes fundamental error under prongs one or two, he must make a separate showing of prejudice, which also "involves a fact-intensive inquiry." If the defendant establishes the third prong, he has shown both fundamental error and prejudice, and a new trial must be granted.

*State v. Escalante*, 245 Ariz. 135, 141, ¶ 21 (2018) (citation omitted).

**¶10** A duplicitous charge exists when evidence of multiple criminal acts is introduced at trial to prove the charged offense, but the indictment refers to only one act. *Klokic*, 219 Ariz. at 244, ¶ 12. "Depending upon the context, [a duplicitous charge] can deprive the defendant of adequate notice of the charge to be defended, create the hazard of a non-unanimous jury verdict, or make it impossible to precisely plead prior jeopardy in the event of a later prosecution." *Id.* (internal quotation omitted).

**¶11** We address Crews' concerns in turn. First, Crews argues he lacked notice. However, the indictment clearly charged him with sexual conduct with a minor and molestation of a child. Additionally, Crews does not contend he lacked access to discovery, including police reports and recorded law enforcement interviews of witnesses and the victim, all of which detailed the sexual acts underlying the charges. Crews therefore had adequate notice. *See State v. Freeney*, 223 Ariz. 110, 114, ¶ 24 (2009) ("[F]or Sixth Amendment purposes, courts look beyond the indictment to determine whether defendants received actual notice of charges, and the notice requirement can be satisfied even when a charge was not included in the indictment."); *State v. Schroeder*, 167 Ariz. 47, 52 (App. 1990) (finding, under similar circumstances, defendant had adequate notice of charged offense).

**¶12** As for Crews' contention that he was deprived of unanimous jury verdicts, his argument is speculation and we are not persuaded that he received an unfair trial. Crews' main defense was a blanket denial that *any* of the sexual acts occurred.[2] Thus, the dispositive issue facing the jury was

---

[2] Crews also challenged both the adequacy of law enforcement's investigation and the State's expert's explanation of various responses children have as victims of sex crimes. Neither of these "defenses,"

whether to believe the boy's accusations or Crews' denial of perpetuating the sexual acts. *See Schroeder*, 167 Ariz. at 53. By virtue of the verdicts, the jury found the boy credible, and disregarded Crews' account of the events. "[T]he possibility that the jury might have found that some but not all of the alleged acts occurred is irrelevant so long as they unanimously agreed that the child had been sexually abused by the defendant." *Id.*

¶13        Finally, no prejudice on double jeopardy grounds occurred. "Double jeopardy will bar a second prosecution if the evidence necessary to support a second conviction was admissible and would have supported a conviction in the first prosecution." *Id.* at 52. Here, the specific acts constituting the charged offenses were admitted at trial. Crews cannot be prosecuted again for the acts disclosed and introduced into evidence at trial. *See id.*; *State v. Lombardo*, 104 Ariz. 598, 599 (1969) ("That information was fully developed at trial and the record will be available to Lombardo as a bar to any subsequent action which might be filed against him for the same offense.").

¶14        For the foregoing reasons, the jury's consideration of the duplicitous charges was not so egregious as to deny Crews a fair trial, and Crews otherwise fails to establish prejudice. *See State v. Whitney*, 159 Ariz. 476, 480 (1989) (duplicitous indictment not prejudicial where defense was that the charged offenses never took place). Accordingly, no fundamental error occurred requiring reversal.

## II.        Sentence Enhancement

¶15        Crews argues the trial court lacked jurisdiction to impose enhanced sentences because the jury failed to find the offenses were DCAC. Specifically, Crews contends he was not subject to the DCAC sentence enhancement provisions of A.R.S. § 13-705 because the jury did not expressly find that his conduct "focused on, directed against, aimed at or targeted" the boy. *See* A.R.S. § 13-705(C), (D) (respectively, sentence enhancements for sexual conduct with a minor who is 12, 13, or 14 years of age and molestation of a child). In support, Crews relies on *State v. Sepahi*, 206 Ariz. 321 (2003).

---

however, directly challenged the victim's credibility as did Crews' testimony denying the sexual acts occurred. Thus, we consider his denial as his primary defense.

¶16　　　*Sepahi* does not help Crews. Based on the trial evidence and the jury's guilty verdicts, Crews did not "fortuitously injure [the boy] by [his] unfocused conduct." *Sepahi*, 206 Ariz. at 323, ¶ 11 (quoting *State v. Williams*, 175 Ariz. 98, 103 (1993)). Rather, by fondling the victim's genitals and engaging in oral sex with him, Crews specifically targeted the boy. Indeed, such targeting was inherent in the elements of the offenses; thus, the jury was not required to expressly find Crews targeted the child victim. *See* Ariz. R. Crim. P. 19.1(c)(2)(B) (State not required to prove aggravating factor to jury if factor is an element of the offense); *Williams*, 175 Ariz. at 104 ("It is impossible to imagine how . . . molestation [or] sexual conduct . . . could be committed without targeting persons."). Accordingly, the enhancement provisions of A.R.S. § 13-705 applied for purposes of sentencing. *Cf. id.* (defendant who, while drunk, rammed his vehicle into a station wagon causing injury to a 14-year-old passenger did not "direct[] . . . or focus[]" upon the victim; thus, defendant did not commit a DCAC).

## III.　Molestation Statute

¶17　　　As he did in superior court, Crews repeats his challenge to the constitutionality of the molestation statute, A.R.S. § 13-1410. Recognizing that the Arizona Supreme Court has previously addressed and rejected the same argument he raises, *see State v. Holle*, 240 Ariz. 300 (2016), Crews nonetheless wishes to preserve his claim for further review. We decline to address the merits.

## CONCLUSION

¶18　　　Crews' convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA