NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

HECTOR JAVIER MORA,
*Appellant*.

No. 1 CA-CR 18-0332
FILED 6-6-2019

Appeal from the Superior Court in Yuma County
No. S1400CR201700406
The Honorable Stephen J. Rouff, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kent E. Cattani joined.

---

**J O H N S E N**, Judge:

¶1          Hector Javier Mora appeals the sentences imposed after a jury convicted him of four charges of sexual conduct with a minor under 15 years of age and four charges of molestation of a child under 15 years of age, all Class 2 felonies. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1405 (2019), -1410 (2019).[1]  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          The victim of each of Mora's crimes was his daughter, who was born in 1999.  She testified Mora first molested her when she was eight or nine years old.  She said he had intercourse with her when she was 11, and soon sex with him became "routine" to the point that the victim "lost count" because it happened "two, three times a week."

¶3          In addition to the sexual conduct and molestation charges involving a victim under 15 years of age (Counts 1-4 and 9-12, respectively), the jury also found Mora guilty of four charges of sexual conduct with a minor at least 15 years of age, Class 6 felonies (Counts 5-8). *See* A.R.S. § 13-1405(B).  The superior court sentenced Mora to consecutive 20-year prison terms on Counts 1-4 under A.R.S. § 13-705(C) (2019); consecutive one-year prison terms on Counts 5-8 under A.R.S. § 13-702(D) (2019); and consecutive 17-year prison terms on Counts 9-12 under § 13-705(D), for a total term of 152 years.  Mora timely appealed.[2]  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

---

[1]      Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

[2]      Mora does not raise any issue on appeal concerning his convictions or sentences on Counts 5-8.

**DISCUSSION**

¶4        Mora does not challenge any of his convictions, but argues the superior court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it imposed enhanced sentences on Counts 1-4 and Counts 9-12 pursuant to Arizona's Dangerous Crimes Against Children ("DCAC") statute, § 13-705.  He contends the court erred by imposing the sentences in the absence of jury verdicts finding the facts necessary to render these crimes DCAC offenses.

¶5        Because Mora failed to object to the sentences in the superior court, he is not entitled to relief absent fundamental error.  *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  "[T]he first step in fundamental error review is determining whether trial error exists."  *Id.* at 142, ¶ 21.  If a trial error occurred, we then determine whether "(1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, or (3) the error was so egregious that he could not possibly have received a fair trial."  *Id.* (emphasis omitted).  Imposition of an illegal sentence is fundamental error.  *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002).

¶6        Under the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Blakely v. Washington*, 542 U.S. 296, 301 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  Section 13-705 allows a court to impose an enhanced sentence on a defendant convicted of a "dangerous crime against children," including "sexual conduct with a minor" or "molestation of a child."  *See* A.R.S. § 13-705(C), (D).  A first-time felony offender guilty of a Class 2 felony usually faces a sentence of three to 12.5 years.  *See* A.R.S. § 13-702(D).  As relevant here, however, § 13-705 establishes an enhanced sentencing range of 13 to 27 years' imprisonment for sexual conduct with a minor who is under 15 and an enhanced sentencing range of 10 to 24 years for molestation of a child.  *See* A.R.S. § 13-705(C), (D).

¶7        Mora argues his sentences were improper under § 13-705(C) and (D) in the absence of jury findings that his victim was younger than 15 years of age, that he was at least 18 at the time of the offenses and that his conduct was "focused on, directed against, aimed at or target[ed]" the victim.  *See State v. Sepahi*, 206 Ariz. 321, 322, 324, ¶¶ 8, 19 (2003) (quotation omitted); A.R.S. § 13-705(C), (D).

**¶8**         That Mora's victim was younger than 15 was an element of each of the eight offenses; when the jury convicted Mora of those charges, it necessarily found his victim was younger than 15. *See State v. Larin*, 233 Ariz. 202, 212-13, ¶¶ 38, 41 (App. 2013). The court instructed the jury that in order to convict Mora on Counts 1-4 (sexual conduct with a minor) and Counts 9-12 (child molestation), it needed to find beyond a reasonable doubt that the victim was under 15 years of age. *See* A.R.S. §§ 13-1405(B) (sexual conduct with minor under 15 years of age); -1410 (molestation of child under 15 years of age). Because jurors are presumed to follow the court's instructions, *State v. Manuel*, 229 Ariz. 1, 6, ¶ 24 (2011), by convicting Mora of these crimes, the jurors necessarily found beyond a reasonable doubt the DCAC prerequisite that the victim was under 15 years of age. *See State v. Jones*, 205 Ariz. 445, 448, ¶¶ 7-9 (2003) (by virtue of jury verdicts convicting a capital defendant of the kidnapping of a minor under 15 years of age, the jury implicitly found the aggravating circumstance that the murder victim was under 15 years of age); *State v. Ring*, 204 Ariz. 534, 561, ¶ 83 (2003) (age of victim as aggravating circumstance can be implicit in jury verdict when defendant is simultaneously convicted of a relevant age-dependent crime). Accordingly, no *Blakely* error occurred as to the element of the age of the victim under § 13-705.

**¶9**         Mora also argues the superior court erred by imposing an enhanced sentence without asking the jury to decide whether he was at least 18 years of age when he committed the offenses. As relevant here, an enhanced sentence may be imposed under § 13-705(C) and (D) only on a defendant who is "at least eighteen years of age" at the time of the offense. Although the court did err, Mora cannot show he was prejudiced by the error because no reasonable jury would have failed to find he was at least 18 at the time of the crimes. *See State v. Ortiz*, 238 Ariz. 329, 344, ¶ 71 (App. 2015). Mora's wife (the victim's mother) testified Mora was born in 1977. Mora's niece testified that she was born in 1982 and that Mora was five or six years older than her. The jury also viewed a videotaped police interview with Mora recorded in 2017, in which he stated that he has had a commercial driver's license for "ten – twelve years," commented that he was "already forty," and that he "started drinking at 30." *See State v. Montano*, 206 Ariz. 296, 299, ¶ 14 (2003) (quotation omitted) ("[I]n cases in which a defendant stipulates, confesses or admits to facts sufficient to establish an aggravating circumstance, we will regard that factor as established."). Nothing in the record creates any reasonable doubt that Mora was at least 18 at the time of the crimes. *See State v. Cleere*, 213 Ariz. 54, 59, ¶ 13 (App. 2006) (defendant not prejudiced when superior court, rather than jury, found aggravating factors because court's finding was "uncontested" at trial).

4

**¶10**        Citing *Sepahi*, Mora finally argues the superior court erred by imposing an enhanced sentence without asking the jury to decide whether his conduct was "focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen." *Sepahi*, 206 Ariz. at 324, ¶ 19 (quotation omitted).   The court did not err, however, because such targeting was inherent in the nature of Mora's crimes.  The court instructed the jury that the crime of sexual conduct with a minor requires proof "the defendant *intentionally or knowingly* engaged in sexual intercourse or oral sexual contact with a person under fifteen years of age." (Emphasis added).  It further instructed the jury that molestation of a child requires proof "the defendant *intentionally or knowingly* engaged in any direct or indirect touching, fondling or manipulation of any part of the genitals or anus by any part of the body." (Emphasis added).  The court defined "intentionally" for the jury as "with respect to a result or to conduct defined by a statute defining an offense, that a person's *objective is to cause* that result or to engage in that conduct." (Emphasis added).  It defined "knowingly" as acting "with *awareness of* or belief in the existence of conduct or circumstances constituting an offense." (Emphasis added).

**¶11**        On this record, and as so instructed, when it convicted Mora the jury necessarily found beyond a reasonable doubt that he focused on or targeted the victim when she was younger than 15 because it found that Mora's objective was to engage in that conduct or that he had an awareness of his conduct.  *See State v. Williams*, 175 Ariz. 98, 103-04 (1993) ("[T]he question of whether the child victim is the target of the defendant's criminal conduct will rarely be an issue given the nature of the crimes listed in [what is now § 13-705].  It is impossible to imagine how . . . molestation . . . [or] sexual conduct . . . could be committed without targeting persons."); *see also State v. Fernandez*, 216 Ariz. 545, 553, ¶ 27 (App. 2007) ("[T]he finding of a

'dangerous crime against a child' was inherent in the jury verdict that [defendant] was guilty of intentional, premeditated, attempted murder of each of the four victims under the age of fifteen years.").

## CONCLUSION

**¶12**     For the foregoing reasons, we affirm Mora's convictions and the resulting sentences.

