NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

FRANK G. KITKO, JR., *Appellant*.

No. 1 CA-CR 18-0708
FILED 12-10-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-002647-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

Michael P. Denea PLC, Phoenix
By Michael P. Denea, Katia Mehu
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

**J O H N S E N,** Judge:

¶1 Frank G. Kitko, Jr., appeals his two convictions of aggravated assault and the resulting sentences. He argues the superior court erred by denying his motion to strike the entire jury panel during *voir dire*. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Kitko's SUV suddenly accelerated as he pulled it into a parking space outside a restaurant, and he ran over two pedestrians who sustained serious physical injuries.[1] Kitko exited the SUV wearing a knee-high "medical boot" on his right leg.[2]

¶3 Police arrived and interviewed Kitko, who explained his right foot "got stuck on the accelerator" after he attempted to stop, causing him to briefly falter as he reached for the brake pedal. He also admitted he had consumed alcohol before the collision, he was wearing a fentanyl patch to alleviate pain, and he had taken anti-depressant medication earlier in the day. Kitko's speech was slurred, his eyes were bloodshot, his breath smelled of alcohol and an officer had to repeatedly command him not to approach the victims. An officer administered a horizontal-gaze-nystagmus test at the scene and determined Kitko exhibited all six signs of impairment. Testing revealed Kitko's blood-alcohol percentage was between .11 and .12 two hours after the collision. At the scene, Kitko told a

---

[1] Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Kitko. *State v. Gurrola*, 219 Ariz. 438, 439, ¶ 2, n.1 (App. 2008).

[2] A physical therapist who happened to see the collision testified the boot was a "controlled ankle motion boot . . . [that] lock[s] your ankle . . . in a certain way. . . . It is not easy to drive in . . . [b]ecause, as the name suggests, you can't control your ankle motion."

witness he should not have been driving, an admission he later repeated to police.

¶4       Near the end of his police interview at the scene, Kitko asserted that as he was waiting for police to arrive, someone he could not identify brought him some beers, and he drank "a beer-and-a-half." A witness who was with Kitko the entire time after the incident testified Kitko refused water after the incident and requested vodka, but was not given any beer or alcohol.

¶5       The State charged Kitko with two counts of aggravated assault, alleging he recklessly injured the victims using a dangerous instrument. The jury found him guilty, and Kitko timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).[3]

## DISCUSSION

¶6       During jury selection, several members of the venire told the court they or someone they knew had been prescribed a medical boot and were instructed not to drive while wearing it. Some added they believed Kitko was guilty because he was wearing the boot at the time of the accident. Kitko moved to strike the entire panel, arguing their remarks tainted the remaining venire members. The court denied the motion. In the end, none of the potential jurors Kitko cited as potentially biased about medical boots was seated on the jury.

¶7       Kitko argues the superior court erred by denying his motion to strike the panel. Specifically, Kitko contends the comments made during *voir dire* "created a social dynamic where it is reasonable to see that the trial jurors were exposed to information that affected their impartiality."

¶8       We review the court's denial of Kitko's motion for an abuse of discretion. *State v. Glassel*, 211 Ariz. 33, 45, ¶ 36 (2005). Although Kitko contended at oral argument that we must review the denial of his motion *de novo* because his argument is grounded in due process, in his briefs he conceded that the proper standard of review is abuse of discretion. The superior court has considerable discretion in evaluating claims that remarks tainted the panel because it is in the "best position to assess their impact on the jurors." *State v. Doerr*, 193 Ariz. 56, 62, ¶ 23 (1998). Kitko has the burden

---

[3]      Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

of showing the jury could not be fair and impartial. *State v. Davis*, 137 Ariz. 551, 558 (App. 1983). In reviewing Kitko's argument, we will not presume the jury panel was tainted by the information some members shared during *voir dire*. *Doerr*, 193 Ariz. at 61-62, ¶ 18. Such prejudice must be apparent from the record. *See id.* at 61, ¶ 18; *State v. Tison*, 129 Ariz. 526, 535 (1981) ("Unless there are objective indications of jurors' prejudice, we will not presume its existence.").

**¶9** The superior court did not abuse its discretion. Nothing in the record shows that the remarks by some panel members during *voir dire* influenced the jury's verdict. Kitko cites no specific evidence that any juror was tainted by the remarks and, instead, relies upon speculation, which is insufficient to show that he was denied a fair and impartial jury. *See Doerr*, 193 Ariz. at 61-62, ¶ 18.

**¶10** Indeed, the record rebuts any assertion that the jury was tainted. The court repeatedly instructed the prospective jurors – and the jury, after selection was complete – that Kitko was presumed innocent unless the State proved otherwise beyond a reasonable doubt. Indeed, when the boot issue arose during *voir dire*, the court meticulously illustrated the presumption of innocence by informally quizzing the venire panel about their views of the matter "[a]t this stage of the game." After asking for a show of hands, the court explained that

> the truth of the matter is [Kitko] is not guilty because we have not heard any evidence. The presumption of innocence means that, unless and until a jury is formally impaneled, they have heard all of the evidence, they've received instructions of the law and what constitutes an offense, and they have actually gone back to my jury room . . . and actually deliberated and come to a unanimous conclusion of guilt, that the defendant remains presumed innocent. That is the presumption of innocence. Again, that is the rule of the road that protects all of our freedoms, make[s] us the freest country in the world.

Further, both the prosecutor and defense counsel reminded the jury during closing arguments that Kitko was presumed innocent and the State had the burden to prove his guilt beyond a reasonable doubt.

**¶11** Finally, and more broadly, Kitko's argument presumes the jury convicted him simply because it found he was reckless in driving while

wearing the boot. As the State argued, however, the jury could have found Kitko guilty based solely upon his impaired driving.

¶12 On this record, Kitko fails to meet his burden to show that the potential jurors' remarks resulted in a biased jury and that the superior court abused its discretion in denying his motion to strike the panel.

## CONCLUSION

¶13 For the reasons stated above, we affirm Kitko's convictions and the resulting sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA