NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID ALAN KONIE, *Appellant*.

No. 1 CA-CR 19-0185
FILED 2-4-2020

Appeal from the Superior Court in Yavapai County
No. P1300CR201801048
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

**¶1**　　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for David Alan Konie has advised this court he found no arguable questions of law and asks this court to search the record for fundamental error. Konie was convicted of aggravated assault, a class 3 dangerous felony and domestic violence offense. Konie was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, this court affirms Konie's conviction and the resulting sentence.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　This court views "the facts in the light most favorable to sustaining the jury's verdict and resolve[s] all inferences against" Konie. *State v. Gurrola*, 219 Ariz. 438, 439, ¶ 2 n.1 (App. 2008). Konie shot his wife with a single-action, cap-and-ball, .44 revolver (the revolver). As a single-action revolver, Konie had to pull the hammer back for it to fire. As a cap-and-ball revolver, Konie had to load it much like a musket, using a primer cap, black powder, and a lead ball. The revolver had six chambers. Five were loaded when Konie shot his wife. Konie only fired once.

**¶3**　　　　Konie and his wife were at home. They were arguing over her medication. Konie was about three feet from his wife when he fired the revolver. The ball struck his wife in her left shoulder and exited on the opposite side. The ball did not hit or break any bone. The ball then passed through a mattress, a wooden bed frame, and the floor.

**¶4**　　　　Konie's wife called 911. Konie and his wife both spoke with the 911 operator and other emergency medical responders during the call. Both acknowledged Konie shot his wife. Konie's wife was taken to the hospital and survived the shooting.

**¶5**　　　　The police arrested Konie at the scene. The police gave Konie his *Miranda* rights, which he understood and waived. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Konie acknowledged shooting his wife but

denied trying to kill her or even intending to shoot her. He said he retrieved the revolver and pointed it at her to threaten her because he was afraid of her at that moment. Konie could not explain why the hammer was pulled back. He said he did not mean to pull the trigger.

**¶6** The state charged Konie with three counts. Count one was for attempt to commit second degree murder, a class 2 dangerous felony. *See* A.R.S. §§ 13-1001, 13-1101, 13-1104(A), 13-301, 13-302, 13-304, 13-701, 13-702, and 13-801. Count two was for aggravated assault, a class 3 dangerous felony and domestic violence offense. A.R.S. §§ 13-1203, 13-1204(A), 13-3105, 13-701, 13-702, and 13-801. Count three was for assault, a class 1 misdemeanor and domestic violence offense. A.R.S. §§ 13-105, 13-704, and 13-3601.

**¶7** At trial, Konie's wife testified, as did an Arizona Department of Public Safety trooper and two Yavapai County Sheriff's deputies. Konie also called an expert witness. The superior court admitted more than sixty exhibits, including photographs of the scene, Konie, his wife, and the revolver. The superior court also admitted recordings and transcripts of the 911 call and Konie's interview with the Yavapai County Sheriff's deputies.

**¶8** The jury acquitted Konie of attempt to commit second degree murder and found him guilty of aggravated assault. The jury also found the aggravated assault was a dangerous offense and a domestic violence offense. The superior court acquitted Konie of misdemeanor assault. The superior court sentenced Konie to the shortest sentence available for the offense, a mitigated term of 5 years in prison with 263 days of presentence incarceration credit. Konie timely appealed.

**¶9** This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## ANALYSIS

**¶10** This court reviews Konie's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). The record shows Konie received a fair trial. He was represented by counsel at all stages of the proceedings against him. He was present at all critical stages. The superior court held appropriate pretrial hearings. Konie did not request a voluntariness hearing. The evidence established the admissibility of his statements to the emergency medical responders, the Arizona Department of Public Safety trooper, and the two Yavapai County Sheriff's deputies.

¶11 The state presented both direct and circumstantial evidence sufficient to allow the jury to convict Konie. The jury was properly comprised of twelve members. The superior court properly instructed the jury on the elements of the charges, the state's burden of proof, and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The superior court received and considered a presentence report, addressed its contents during the sentencing hearing, and imposed a lawful sentence for the crime of which Konie was convicted.

## CONCLUSION

¶12 This court has reviewed the entire record for an arguable issue and found none. Konie's conviction and resulting sentence, therefore, are affirmed. *See Leon*, 104 Ariz. at 300.

¶13 Appellate defense counsel's obligations pertaining to Konie's representation in this appeal have ended. Unless, upon review, defense counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review, defense counsel need only inform Konie of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Konie has thirty days from the date of this decision to proceed, if he wishes, with a motion for reconsideration in *propria persona*. Konie has thirty days from the date of this decision to proceed, if he wishes, with a petition for review in *propria persona*.

